NELLIE RYCIAK, Respondent, v. NEW YORK OVERSEA COMPANY, INC., Appellant.— Judgment and order reversed upon the law, and a new trial granted, with costs to abide the event, upon the ground that it was error to charge the jury that if the garage keeper's agreement with the defendant's representative to store defendant's cars at so much per month was inclusive of the obligation to drive the cars to the garage from the homes of defendant's employees at night and deliver them in the morning to such employees when they wanted them, the car, as matter of law, was being operated at the time of the accident in the service of the defendant. The question should have been left to the jury to determine whether the turning over of the car to the garage keeper's employee to be returned to the garage was in furtherance of defendant's business if done as an accommodation and at the request of defendant's representative, and if not as an accommo-

---

‡ See *People* v. *Seventy Bags of Whisky* (120 Misc. Rep. 843).— [REP.

dation but in pursuance of an agreement with the garage keeper to include this act of driving as a part of the general charge inclusive of the storage of the cars, that then the driving at the time of the accident was the act of the garage keeper's servant and not that of defendant's servant. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.