GIOVANNI LEONARDI, Plaintiff, *v.* DOROTHY DWYER BASSETT, Individually and as Administratrix, etc., of ROBERT F. DWYER, Deceased, and MINERVA DWYER BOYLE, Defendants, and JACSOL HOLDING CORPORATION, Impleaded-Defendant.

City Court of New York, Special Term, Bronx County, November 25, 1936.

*Louis Solomon,* for the plaintiff.

*Daniel Mungall,* for the defendant Dorothy D. Bassett.

*Carrol C. Bryan,* for the impleaded defendant, Jacsol Holding Corporation.

DONNELLY, J.   This action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff as the result of a collision between the automobile which he was operating at the time of the accident and an automobile which is one of the assets of the estate of Robert F. Dwyer, of which estate the defendant Dorothy Dwyer Bassett is the administratrix.   At the time of the accident the automobile was operated by one Joseph F. Schaeffer, an employee of Jacsol Holding Corporation, in whose premises the vehicle had been garaged by defendant Dorothy Dwyer Bassett under a contract of storage that included the servicing and delivery of the car to her to and from the garage. Schaeffer was returning to the garage with the automobile when the collision occurred.

By subdivision 2 of section 193 of the Civil Practice Act it is provided: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action."

In her moving papers on the original motion to implead the defendant Jacsol Holding Corporation, the defendant Dorothy Dwyer Bassett showed, *prima facie*, that the driver of the car, Schaeffer, was operating the motor vehicle in the course of his business as an employee of Jacsol Holding Corporation, and pursuant to its direction and control under the terms of the contract under which the car was garaged in the garage owned by Jacsol Holding Corporation.   This is denied by Jacsol Holding Corporation, which alleges that, on the day of the accident, Schaeffer was operating the automobile in question under the direction of Dorothy Dwyer Bassett or of Minerva Dwyer Boyle, who was riding in the car with the permission of Dorothy Dwyer Bassett.   If this latter statement be true, Schaeffer's status must be deemed to have been that of servant of the owner.   If the accident occurred as Schaeffer was returning to the garage after he had delivered the owner's guest to her destination, the automobile was not then in the owner's control.   In such circumstances her connection with the accident was merely passive; the active, primary wrongdoer was Schaeffer, and, upon the principle of *respondeat superior*, his employer.   Upon the *prima facie* showing by the defendant Dorothy Dwyer Bassett, the injuries alleged to have been sustained by plaintiff were the direct result of a negligent doing of the business of Jacsol Holding Corporation by its servant, who was, at the time of the accident, engaged in the performance of his duty as its employee, and if this were established, the defendant owner is not liable for the

accident. (*Sweetnam* v. *Snow*, 187 Mich. 414, 421; 153 N. W. 770, 772.) To the same effect, see *Ryciak* v. *New York Oversea Co., Inc.* (206 App. Div. 781); *Kellogg* v. *Church Charity Foundation* (203 N. Y. 191). Whichever set of allegations be true, it is unnecessary, on a motion to implead pursuant to section 193 of the Civil Practice Act, to determine on conflicting affidavits whose servant Schaeffer was at the time of the accident. All that the moving defendant is required to do is to show, *prima facie*, that the defendant impleaded is or will be liable to her, and this, I think, she has done.

By virtue of the provisions of section 59 of the Vehicle and Traffic Law, liability for the accident attaches to the defendant Dorothy Dwyer Bassett as the owner of the automobile. The garage owner is, *prima facie*, an independent contractor, and, as such independent contractor, it is liable over to the owner of the automobile in the event of a judgment against her. (*Thorn* v. *Clark*, 188 App. Div. 411; *Hailfinger* v. *Meyer*, 215 id. 35, bottom of p. 37.) An independent contractor guilty of wrongdoing is liable not only to the person injured, but to any other person who is legally liable therefor. (*Hotel Antlers, Inc.*, v. *Standard Oil Co.*, 144 Misc. 781, citing *Scott* v. *Curtis*, 195 N. Y. 424, 428; *Hailfinger* v. *Meyer, supra*.)

The instant case is distinguishable from *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305). There the plaintiff commenced an action against the Western New York Motor Lines, Inc., for negligence in running a motor bus into a motor truck owned and operated by William H. Harloff, in which plaintiff was a passenger. The defendant Western New York Motor Lines, Inc., made a motion to bring in Harloff as a *joint defendant*, claiming that he, and not the defendant named, was liable, or, at least, jointly liable. The application was granted, and Harloff was made a defendant and served with a supplemental summons and pleading. He thereupon moved to vacate the order bringing him in, which motion was granted. Upon appeal to the Appellate Division, the order was reversed. The Court of Appeals held that, under subdivision 2 of section 193 of the Civil Practice Act, " the third person not then a party to the action must be liable to such party, wholly or in part, for the claim made against such party in the action. Such is not the case between joint feasors, unless there is liability over, either through indemnity or contribution or otherwise, *existing at the time of the application* " (p. 307, citing *Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224). (Italics mine.) In *Fox* v. *New York Western Motor Lines, Inc.* (*supra*) the Appellate Division held that under section 211-a of the Civil Practice Act the defendant in a negligence action may bring in on his motion a joint tort feasor not made a party to the action by the plaintiff. Speaking of

section 211-a of the Civil Practice Act, the Court of Appeals said: "The conditions stated in the section must exist before the right to contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them. Under such circumstances the payment of the entire amount of the judgment by one of the judgment debtors gives him the right to collect the *pro rata* share from the other defendant or defendants. We said in *Price* v. *Ryan* (255 N. Y. 16): ' The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where a money judgment has proceeded against both. At common law Ryan would have had no cause of action in contribution. Under the statute he has none, since no judgment against his joint tort feasor has been had.' (See, also, *Deuscher* v. *Cammerano*, 256 N. Y. 328.) " (p. 308.) At bar, the moving defendant did not seek to bring in Jacsol Holding Corporation as a joint tort feasor, but as an independent contractor, who, as such independent contractor, is or will be liable over in the event plaintiff obtains a judgment against her. (*Scott* v. *Curtis*, *supra*; *Hailfinger* v. *Meyer*, *supra*; *Thorn* v. *Clark*, *supra*.)

The motion for a reargument is granted, and, upon such reargument, the application by Jacsol Holding Corporation to vacate the order entered herein on the 3d day of July, 1936, impleading it as a defendant is denied.