**DRANOFF et al. v. RAILWAY EXPRESS AGENCY, Inc.**

No. 221.

District Court, E. D. Pennsylvania.

May 31, 1939.

Maurice E. Cohen, of Philadelphia, Pa., for plaintiffs.

White & Staples, Alexander R. Staples, and C. Laurence Cushmore, Jr., all of Philadelphia, Pa., for Railway Express Agency, Inc.

Thomas E. Comber, Jr., of Philadelphia, Pa., for Harold Dranoff.

DICKINSON, District Judge.

■ ■ This case presents novel features due to changes in the law of procedure. The action is one for damages founded on tort. One claimant is Harold Dranoff. Two others are Charles Dranoff and Rose Dranoff, husband and wife. The first named plaintiff was the driver of an automobile with which the Railway Express Agency, defendant's truck, came in collision. Rose Dranoff was a passenger in the automobile. Charles Dranoff is her husband and owner of the automobile. At what we call common law each of these claimants for damages would have been compelled to bring a separate action. By an early Statute the claims of husband and wife arising from the one tort might be consolidated and their injuries, if any, redressed in one action. By a later Statute another person, whose claim was founded upon the one tort, might be joined in the one action, and all the claim adjudicated.

These Statutes have resulted in three persons being named as plaintiffs. The original action was brought against the Railway Express Agency as sole defendant. By what are known as the Sci. Fa. Acts any defendant has the right to implead any other person as defendant who is asserted to be solely liable to the plaintiffs, answerable with the named defendant or answerable over to him. Under these Acts the Express Agency, defendant, impleaded Harold Dranoff, one of the plaintiffs, and has brought him into the case as additional defendant. We thus have the novel feature of an action by Harold Dranoff against himself for the damages due to his own tort. The result is that the action we are trying is two-fold. One an action by Harold Dranoff against the Express Agency, and the other an action by the husband and wife, plaintiffs, against the Express Agency, and Harold Dranoff. The ground of action is negligence.

■ It will possibly contribute to clarity to consider first the case against the Express Agency. It was driving its truck east on Reed Street, in the City of Philadelphia, at about 4 o'clock P. M. on December 12th, 1938. Reed Street runs what is called East and West. It is intersected by Third Street, a one way street, running North and South. The plaintiffs' automobile was traveling North on Third Street. At some point, which we will later find, in Reed Street, the truck and automobile collided. Was the collision due to the negligence of the truck which in any degree contributed to the resulting damage? At about twenty feet West of the North line of Third Street and on the South line of Reed Street was a warning sign of "Slow". This is the first point in the case and an important one. What did this sign mean to the truck? We find that it meant this. Third Street is ahead of you on which there may be traffic moving North with which there is danger of your coming into collision. You are to slow down bringing your truck under control so that you are able to stop to avoid collision with any vehicle moving on Third Street, and you are not to enter upon Third Street if there is such vehicle so close that you cannot pass with safety. There is no evidence from which we can find the rate of speed with which the truck approached Third Street, but we find that it did not stop but proceeded into Third Street and came into collision with the plaintiff's automobile. We have the usual and almost always flat contradiction between the versions of the driver of the automobile and that of the truck. As we have often commented this is not due to the difference in powers of observation or of memory of witnesses which results in differences in descriptions of other transactions. The differences are due to an illusion peculiar to collision cases. We have them always in Admiralty cases. The illusion is that the vehicle in which the witness is riding is stationary. It is the other vehicle which is moving and does the colliding. To an observer on the bridge or bow of a vessel approaching a wharf, the vessel is not moving toward the wharf but the wharf is bearing down on the vessel. Due to the same illusion in collision cases the other vehicle always runs into the one in which the witness is. Doubtless due to this illusion, the driver of the truck has testified that his truck did not run into the automobile but it ran into his truck. We cannot accept of this version of the transaction. It is not confirmed by other facts which are uncontroverted. The left rear wheel of the automobile was smashed and the left end of the rear fender was bent outward. These results would follow if the truck ran into the automobile striking it in the rear in a last minute effort to avoid a collision by the truck swerving to its right in the attempt to pass behind the automobile. It is true that these results might have followed an attempt by the automobile to avoid a collision by swerving to its right striking the truck with the rear left wheel of the automobile and the left end of its rear fender. The part of the truck which showed marks of the collision might have thrown light upon this problem. The defendant could have produced this evidence. It did not, and a fair inference is that this evidence would not have borne out the testimony of the driver of the truck. The truck was within the limits of Third Street when the collision occurred. In the exercise of due care it should not have entered upon Third Street unless the crossing was clear.

■ Under all the evidence we find that the driver of the truck was guilty of negligence, and that this negligence contributed to the damage done.

■ This takes us to the automobile. It was traveling North on Third Street. There was no slow sign at Reed Street but there was a warning School sign. What did this mean to the motorist? It meant

notice of danger of injury to school children who might be on the street. It further meant that he should have his car under control so that he would be able to bring his car to a stop in avoidance of the threatened danger to school children. It had no direct relation to the vehicular traffic on Reed Street, but it did mean that the stopping control for the one purpose would answer also for the other. The automobile was on the extreme West side of Third Street. This increased the danger of collision with vehicles moving on Reed Street. This brings us to a finding of where on Reed Street the collision occurred. We find it was on the North side of Reed Street near the North line and not on the South side where the testimony of the truck driver located it.

◼ We have already found that the truck ran into the automobile, striking it on the rear and near the left rear wheel. We do not find that the traffic moving on Third Street had the right of way, but we have found and do find that the slow sign and the fact that the automobile was on the right of the truck driver, admonished him not to enter upon Third Street unless the crossing was clear. This admonition he did not heed. We have in consequence adjudged him to have been guilty of negligence. This however did not absolve the motorist from his duty to exercise due care.

We have already found that his duty was to have his car under such control as that he could by stopping avoid an impending collision. The fact that the danger was created by the negligence of the truck, did not relieve him. He had no such absolute right of way as that he could rely upon it, as in the case of a display of red and green signs. Did he negligently contribute to the collision? He testified that he had reduced his speed to the rate of eight or ten miles an hour. This, with watchfulness of the Reed Street traffic, would have justified the finding of due care on his part.

We are however unable to make this finding in his favor. He had a full view of the approaching truck for at least fifty feet before he reached the point of collision. We say this because of our finding that the place of collision was near the North line of Reed Street. Traveling at eight or ten miles per hour he could easily have stopped his car to avoid the collision at the expense only of surrendering the right of way. Instead of doing this he took the risk of passing in front of the truck. Whether he did this or whether he was traveling at such a rate of speed that he could not stop on fifty feet of notice, he was alike in fault. The course of the automobile after the collision might indicate a greater rate of speed than that to which he testified. It ran some distance beyond the North line of Reed Street, climbed the curb, crossed the side walk to the fence on the West side of Third Street, and then went back into Third Street to at least the car tracks and possibly to the East side of the Street before it came to a stop. The left rear wheel of the car was however flat and the driver may have been jostled from his control by the collision. The course of the car may in consequence have been very erratic so that no speed inference could be drawn from this. There is no evidence from which it may be found whether the motor was running after the collision.

◼ Under all the evidence we make the finding that the plaintiff and defendant Harold Dranoff was guilty of negligence which contributed to bring about the collision and the consequent damages.

◼◼ This takes us to the case of Rose Dranoff, who was a passenger in the automobile, and to her husband Charles. The Pennsylvania law rejects the English doctrine that a passenger is so far identified with the vehicle in which he is riding as to be answerable for its negligence, and holds the passenger only to his own negligence. The automobile belonged to the father Charles Dranoff. One of the uses to which he devoted it was the carrying of his employees, which included his son Harold, and his wife Rose, to and from his place of business. The son and wife were on their way home from their place of employment. Whoever drove the car was thus acting for the father. The fact situation thus was that the employees were going to their homes in the car which was being driven by the son as chauffeur of the father. This means he would be answerable for the negligence of the driver, and results in the wife alone having a cause of action.

There remains only the question of the damages sustained by her. Fortunately her damages were not great. We assess them at $300.

We find in favor of the defendants and against Charles Dranoff, and give judgment accordingly.

328

We find in favor of Rose Dranoff, one of the plaintiffs, and against Railway Express Agency, and Harold Dranoff, additional defendant, in the sum of Three Hundred Dollars, with costs.

Rose Dranoff should have judgment in her favor for Three Hundred Dollars, with costs of suit.

An appropriate judgment may be entered in accordance herewith.