### SATINK v. HOLLAND TP. et al. (LEHIGH VALLEY R. CO. et al., Third-Party Defendants).

District Court, D. New Jersey.

Feb. 7, 1940.

Kellogg & Chance, of Jersey City, N. J., for third-party defendants, Dorothy Satink and Coral Smith, for the motion.

Collins & Corbin, of Jersey City, N. J. (By Patrick F. McDevitt, of Jersey City, N. J.), for Lehigh Valley R. Co. and Lehigh Valley R. Co. of New Jersey, for the motion.

John A. Hartpence, of Jersey City, N. J., for Holland Tp., opposed.

FORMAN, District Judge.

This case is a sequel to the case of Satink v. Holland Township et al., D.C., 28 F.Supp. 67, in which plaintiff, a resident of New York, and a passenger in an automobile, complained that the defendants, New Jersey governmental corporations, maintained a nuisance in that a highway was not flush with an intersecting railroad track, existence of which caused plaintiff as she negotiated the intersection to be thrown with great force forwards and upwards to her injury. Defendants therein moved for the addition of the owner and driver of the automobile in which plaintiff was riding on the ground that it was their negligence which produced plaintiff's injury, and the addition of the operator of the railroad track on the ground that it maintained the dangerous condition at the crossing. These motions were granted ex parte. Now come these third-party defendants, that is to say, Dorothy Satink, owner of the automobile in which plaintiff was riding, Coral Smith, driver of the car, and Lehigh Valley Railroad Company and Lehigh Valley Railroad Company of New Jersey, owner of the intersecting railroad, and move to dismiss the third-party complaints and for summary judgment.

It has been mentioned that the application to include the above third-party defendants was made ex parte. This was so in so far as the third-party defendants themselves were concerned. However, the motion was resisted by the plaintiff in the action. My decision to include these third-

party defendants was based very largely on the reasoning of the court in the case of Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715, 720, wherein a similar question was given well reasoned consideration by the court. However, in that case the court concluded as follows:

" * * * The third party plaintiff is not seeking contribution or indemnity. By its third party complaint the defendant corporation simply tenders to the plaintiff a third party defendant, who, it is alleged, is liable for all of the claim asserted against it.

"*If the plaintiff declines to amend the complaint and assert a claim for relief against the third party defendant, the Court is inclined to believe that judgment can not be awarded against the third party defendant, Wendell, in favor of the plaintiff.* See Jensen v. Bank Line, 9 Cir., 26 F.2d 173; Burns Bros. v. City of New York, D.C., 22 F.Supp. 55. However, that question is not now presented." 26 F. Supp. 715, 720, 721 (Italics supplied).

In the case before us the defendants admit that their only purpose in drawing the third-party defendants into the litigation is to tender to the plaintiff parties who it is alleged are liable for all of the claim asserted against them. In this case we are beyond the point adjudicated in Crim v. Lumbermens Casualty Co. supra. We are confronted with the situation where a plaintiff declines to amend her complaint and assert a claim for relief against third-party defendants. It may be said that the court should have recognized this when the plaintiff undertook to resist defendants' motion to include the third-parties heretofore. Perhaps this was so, but matter on this application has been brought before the court that makes it quite clear as to why the plaintiff resisted the motions heretofore, and will not seek relief from the third-party defendants.

Under Rule 14 (a) of Civil Procedure, 28 U.S.C.A. following section 723c, third-party defendants may be drawn in when they are liable to the defendant or to the plaintiff for all or part of the plaintiff's claim against the defendant. In this case the defendants seek to do no more than to tender to the plaintiff other defendants who they say are liable solely to the plaintiff. The plaintiff on the other hand indicates beyond any doubt that she will under no circumstances seek to recover from the third-party defendants tendered by the original defendants. Under these circumstances no party will be accorded any relief by the inclusion of the third-party defendants in this case.

The original defendants may offer all of the matter to exculpate themselves from liability equally as well without the inclusion of the third-party defendants as if they were included. To hold otherwise increases rather than decreases multiplicity of parties, if not litigation. The tender of the third-party defendants becomes a complete gratuity. Cf. Elliott v. Armour & Co., D.C., 30 F.Supp. 367, Contra. It thus appears that the order heretofore made in this case directing the inclusion of Dorothy Satink, Coral Smith, Lehigh Valley Railroad and Lehigh Valley Railroad of New Jersey as third-party defendants should be vacated. Vacation of the order drawing in these third-party defendants makes unnecessary any consideration of their other motions.