WHITMIRE v. PARTIN et al. (Milton, Third Party Defendant).

No. 7.

District Court, E. D. Tennessee, Winchester Division.

Oct. 8, 1941.

L. H. Gammon, Jr., of Chattanooga, Tenn., for third-party plaintiff.

Thomas, Folts & Brown, and William G. Brown, all of Chattanooga, Tenn., for original plaintiff.

Strang, Fletcher & Carriger, of Chattanooga, Tenn., for W. C. Milton, third-party defendant.

DARR, District Judge.

The question is upon motion made by the third-party defendant, W. C. Milton, to dismiss the complaint filed by the third-party plaintiffs upon the ground that it fails to state a claim upon which relief can be granted.

While the motion contains a number of grounds, the court is of the opinion that it is only necessary to consider a proposition that arose in the hearing on the motion.

While this proposition is not directly raised in the written motion, yet, it is such that should be considered as determinative of the question.

The suit was originally brought by the plaintiff against the defendants Partin and Parsons claiming damages for personal injuries by reason of an automobile collision.

Mrs. Whitmire was riding in a car driven by Mr. Milton when it collided with a truck driven by the defendant, Grady Partin, and was owned by the other defendant, Lancy Parsons. The defendants have brought in W. C. Milton as a third-party defendant under the provisions of the Federal Rules of Civil Procedure, Rule 14(a), 28 U.S.C.A. following section 723c.

At the hearing on the motion, the attorney of record for the original plaintiff appeared and made the solemn statement in open court that the plaintiff would not amend her complaint against W. C. Milton and would seek no damages against him.

Such solemn statement would be binding upon the plaintiff. This being true, there is no point in W. C. Milton's being a party to the law suit.

It is to be noted that the Rule referred to does not require the plaintiff to make a claim against the third-party defendant. If the plaintiff declines to amend the complaint and asserts a claim for relief against the third-party defendant, no judgment can be put down in favor of the plaintiff against the third-party defendant. The plaintiff cannot be forced to bring suit against a particular person, especially in a tort action. Crim v. Lumbermens Mutual Casualty Company, D.C.1939, 26 F.Supp. 715.

It has been determined that if it appears that a plaintiff declines to amend a complaint so as to ask for relief against the third-party defendant, the order granting leave to bring in the third party should be vacated. Satink v. Holland Tp. et al. (Lehigh Valley R. Co. et al., Third-Party Defendants), D.C., 31 F.Supp. 229.

Under these conditions there could arise no benefit to anyone by having W. C. Milton a third-party defendant. The defendants make claim in the third-party complaint that W. C. Milton is wholly liable to the plaintiff. This defense can be made just as well without Mr. Milton's being a party.

The main purpose of this Rule which is to avoid circuity of actions and multiplicity of suits cannot be accomplished because the plaintiff declines to take any action in this suit against this third-party defendant.

For the reasons mentioned, the motion will be sustained and the complaint dismissed as to the third-party defendant, W. C. Milton.

Order accordingly.