**BRADY v. BLACK DIAMOND S. S. CO. (ISTHMIAN S. S. CO., Third-Party Defendant).**

District Court, S. D. New York.
Oct. 30, 1941.

Hatch & Wolfe, of New York City (Eli Ellis, of New York City, of counsel), for defendant and third-party plaintiff.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Walter X. Connor, of New York City, of counsel), for third-party defendant.

CONGER, District Judge.

This is a negligence action by a stevedore against the Black Diamond Steamship Company, owners of the vessel Black Hawk, upon which he was injured. The plaintiff alleges that the defendant owner failed to cover an open hatch, or failed to put up guard ropes or stanchions around the open hatch, and he, the plaintiff, being

lawfully aboard the ship stowing cargo, was injured by falling through the hatch into a lower hold of the ship.

The owner served a third-party complaint on the Isthmian Steamship Company, time charterers of the vessel, alleging that under the terms of the charter, the charterer was in control of the ship on the day of the accident, and that the charterer committed the act, or the omission, complained of. The company contends that the charterer is liable to the company by way of contribution under the common law of Alabama (which governs the within suit), or indemnification under the charter party.

The charterer, third-party defendant, now moves to dismiss the third-party complaint under Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that it fails to state a cause of action in that both owner and charterer, if liable, are joint tort-feasors, and under the law of Alabama joint tort-feasors cannot enforce contribution against one another.

■■ It is true that under the law of Alabama a joint tort-feasor cannot enforce contribution from other joint tort-feasors. Gobble v. Bradford, 226 Ala. 517, 147 So. 619. But one who is not an actual participant in the wrong, not in pari delicto; or one who is constructively negligent "derivatively liable", may have the right of contribution. Gobble v. Bradford, supra, 147 So. 619, at page 621. As was stated in Alabama Power v. Curry, 228 Ala. 444, 153 So. 634, 635, 638, the test in Alabama as to contribution is " * * * if one is a wrongdoer to the other, but the other is not to the former, and they both are responsible to a third person, as between themselves the wrongdoer is responsible for contribution to the other."

From the pleadings before me, however, I cannot say whether the defendant (third-party plaintiff) is jointly, solely, or derivatively liable. The ascertainment of this liability must await the proof at the trial. If the basis of the third-party complaint is joint liability, then, of course, this complaint must be dismissed according to the law of Alabama discussed above.

■ Under Rule 14(a), F.R.C.P., the defendant cannot implead the third-party defendant on the ground that the third-party defendant alone, and not the third-party plaintiff, is liable to plaintiff. This presupposes that plaintiff has sued the wrong defendant, which, properly speaking, is a defense, as plaintiff cannot recover a judgment against third-party defendant whom he has not sued. (See discussion of this, and its comparison with Admiralty Rule 56, 28 U.S.C.A. following section 723, Moore's Federal Practice, § 14.02, page 742). I am aware of several cases which have allowed third-party complaints to stand, where it is alleged that third-party defendant only was liable to the plaintiff.

The pleadings herein do not show that the within suit is similar to that of Lensch v. Boushell Carrier Co., Inc., D.C.,E.D.N.Y., Galston, J., decided June 23, 1941,[1] in which both defendant and third-party defendant committed acts of negligence as joint tort-feasors which caused the injury, although on the trial of the instant suit, the situation may prove to be the same.

■ However, a third-party may be brought into an action though its alleged liability is based on a contract unrelated to the cause of action forming the basis of the plaintiff's claim. See Kravas v. Great Atlantic & Pacific Tea Co. (Peoples-Pittsburgh Trust Co.; Davis), D.C., 28 F.Supp. 66; Watkins v. Baltimore & Ohio R. R. Co. (Rochester & Pittsburgh Coal Co.), D.C., 29 F.Supp. 700; Burris v. American Chicle Co., D.C., 29 F.Supp. 773; United States v. Pryor, D.C., 2 F.R.D. 382. The third-party plaintiff herein claims that the liability of the third-party defendant is based upon the charter party. Neither party has pointed out any specific clauses in the charter party governing this liability (the photostatic copies attached to the pleadings are not legible) but from the third-party complaint it would appear that this is the basis of the third-party liability.

■ Under the circumstances I think the third-party complaint is sufficient on its face. Motion denied. Settle order on notice.

---

[1] No opinion for publication.