**RUTHERFORD v. PENNSYLVANIA GREYHOUND LINES,**
Inc., et al.

**Civ. No. 882.**

District Court, S. D. Ohio, E. D.
April 18, 1945.

W. S. Lyman and W. B. Bartels, both of Columbus, Ohio, for plaintiff.

Knepper, White & Dempsey and Andrew J. White, Jr., all of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This case comes before the Court on motion of the third-party defendant asking that it be dismissed as a party to the action.

Elsie Rutherford, original plaintiff herein, filed an action against the original defendant, the Pennsylvania Greyhound Lines, Inc., in the Court of Common Pleas of Franklin County, Ohio. In her petition she alleges that she was, on or about January 4, 1944, a passenger on a bus of the defendant company and that due to the negligence of the defendant, the bus in which she was riding collided with a parked motor truck, resulting in personal injuries to the plaintiff, for which she seeks recovery in the sum of $20,000.

The defendant, hereinafter, for the purposes of convenience, referred to as "Greyhound", removed the case to this Court and thereafter secured an ex parte order making Commercial Motor Freight Lines a third-party defendant. Subsequently, Greyhound filed an amended third-party complaint in which it is alleged that its bus stopped on the highway and was struck by a tractor and two trailers belonging to the third-party defendant. Greyhound further contends that: "Any injuries and damages, if any, which plaintiff might have suffered were caused solely, proximately, directly and entirely by the negligence of the third-party defendant, Commercial Motor Freight, Inc., and were not caused by any negligence of the defendant, Pennsylvania Greyhound Lines, Inc." The defendant Greyhound prays: "that plaintiff's petition against it be dismissed at plaintiff's costs and that any judgment granted plaintiff be against the third-party defendant, Commercial Motor Freight, Inc."

The third-party defendant, Commercial Motor Freight, Inc., hereinafter referred to as "Commercial", filed a motion asking that the Court vacate its order making it a third-party defendant, dismiss the third-party complaint against it, and dismiss Commercial as a third-party defendant. The matter is now before the Court for consideration on this motion, which has been submitted upon briefs.

The third-party plaintiff rests its asserted right to bring in and to retain the third-party defendant upon Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides in part: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *" A review of the decisions based upon this rule reveals that the courts have had con-

siderable difficulty in determining its proper scope and meaning.

There is one class of cases, however, in which the courts have been quite uniform in their opinions; this is the class in which there is some liability from the third-party defendant to the third-party plaintiff, as where there is some liability over or some right to recover back. Among the cases of this character are: Morrell v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 757; Schram v. Roney, D.C., 30 F.Supp. 458; Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299; Balcoff v. Teagarden et al., D.C., 36 F.Supp. 224; Atlantic Coast Line R. Co. v. United States F. & Guaranty Co., D.C., 52 F.Supp. 177; and Saunders v. Goldstein, D.C., 30 F.Supp. 150.

As to the question of the right of a defendant to tender a third-party defendant alleged to be solely liable to the plaintiff and who is not liable to the defendant, there is some divergence of opinion and authority, but the weight of authority is overwhelmingly against it. Three cases have been cited as supporting this claimed right: Crim v. Lumbermans' Mutual Casualty Co., D.C., 26 F.Supp. 715; Crum v. Appalachian Power Co., D.C., 27 F.Supp. 138; and Sussan v. Strasser, D.C., 36 F.Supp. 266. These cases, upon careful examination do not appear to support the contention as clearly as a casual inspection might indicate.

In the Crim case, the court held that a third-party complaint, may tender another defendant, alleged to be liable to the plaintiff for all of the claims asserted by the plaintiff against the original defendant. The court, however, expressed doubt that judgment could be awarded against the third-party defendant in favor of the plaintiff, if the plaintiff did not amend his petition to state a cause of action against the third-party defendant.

In the Crum case (27 F.Supp. 138) the opinion of the court clearly indicates that there was something more under consideration than the mere substitution of one defendant for another. In the opinion, it is said: "Although it was admitted that if the plaintiff should recover judgment against the defendants, the judgment would be against both the Power Company and the Coal Company."

Further evidence of the same condition is found in the report of the same case D.C., 29 F.Supp. 90, 91, in which it was said: "In effect, the power company, as third party plaintiff, says to the third party defendant coal company: (1) You, not I, were negligent and your negligence caused his death; but (2) if I were also negligent with you, I am entitled to contribution * * *."

In the Sussan case, the District Court for the Eastern District of Pennsylvania allowed a third-party motion to bring in the driver of the automobile in which the plaintiff was riding where the suit was by the passenger against the driver of a second automobile which collided with the automobile in which the plaintiff was riding, but distinguished the case from that of Satink v. Holland Tp., D.C., 31 F.Supp. 229, saying [36 F.Supp. 267]: "which ruled that the added party should be dropped from the case, when all that the defendant does is tender to the plaintiff a party wholly and exclusively liable to the plaintiff, and the latter refuses to press a claim against such added party. * * * It is to be noted that the defendant's complaint in paragraph 12 asserts that the third-party defendant ' * * * is, or may be, liable to the defendant, or third-party plaintiff, or to the plaintiff for all, or part of, plaintiff's claim against the defendant, or third-party plaintiff' ".

Approximately seven months later, the same court, in Delano v. Ives, D.C., 40 F.Supp. 672, 673, held: "A defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff."

There is but little in the three cases cited to support the contention of the third-party plaintiff in the instant case.

Cases holding against the asserted right of a defendant to bring in a third party alleged to be solely and directly liable to the original plaintiff, are more numerous, and in the opinion of this court, more directly in point and hence, more persua-

sive. In general, these cases hold that a substitution of defendants cannot be wrought under Rule 14, Rules of Civil Procedure. One case upon which several others have been decided is Satink v. Holland Tp., D.C., 31 F.Supp. 229. This was an action against a township and county by one who suffered an injury because of a defective highway at a railroad crossing. The court vacated the order making the owner of the automobile in which the plaintiff was riding, and the railroad company parties, " * * * where only purpose of original defendants in drawing in the third-party defendants was to tender to the automobile occupant parties who were alleged to be solely liable to the occupant but occupant refused to amend her complaint and assert a claim for relief against the third-party defendants." Syl. and at page 230 of the opinion: "The original defendants may offer all of the matter to exculpate themselves from liability equally as well without the inclusion of the third-party defendants as if they were included. To hold otherwise increases rather than decreases multiplicity of parties, if not litigation. The tender of the third-party defendants becomes a complete gratuity."

The same theory expressed in the Satink case has been expressed in other cases, and in the following language: "The defendant in a negligence action cannot implead a third party defendant on the ground that the third party defendant alone, and not the original defendant, is liable to plaintiff, since this presupposes that plaintiff has sued the wrong defendant, which properly speaking, is a defense, for plaintiff cannot recover a judgment against third party defendant whom he has not sued." Brady v. Black Diamond S. S. Co., D.C., 45 F.Supp. 338, Syl. 3.

"A plaintiff cannot be forced under the federal rule relating to third-party practice to bring suit against a particular person, especially in a tort action.

"Where plaintiff declines to amend complaint so as to ask for relief against third-party defendant, order granting leave to bring in third party should be vacated." Whitmire v. Partin, D.C., 2 F.R.D. 83, 84, Syl. 3, 4.

"If the third-party defendant is not liable over to the original defendant but is only directly liable to the original plaintiff, it becomes necessary for the original plaintiff to amend his complaint after the third party is brought in so as to assert his claim against such third party." Falcone v. City of New York, D.C., 2 F.R.D. 87, 91.

"A defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff." Delano v. Ives, D.C., 40 F.Supp. 672, Syl. 3.

In other cases, the courts have held, as the Satink case held, that the bringing in of a third-party defendant by the original defendant upon the allegation that the third-party defendant was liable directly to the plaintiff merely constituted a tender which became effective only if the original plaintiff then amended his petition to state a cause of action against the new defendant. Sklar v. Hayes, D.C., 1 F.R.D. 594; Malkin v. Arundel Corporation, D.C., 36 F.Supp. 948. Likewise, the tender of such third-party defendants has been refused on the ground that it would only complicate, or tend to prolong the trial and the issues raised. Connelly v. Bender, D.C., 36 F.Supp. 368; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; McPherrin v. Hartford Fire Ins. Co., D.C., 1 F.R.D. 88.

All of the authority against the contention of the third-party plaintiff is not found in the decisions of the courts upon questions arising under the Federal Rules of Civil Procedure; Rule 14 is an adoption of Admiralty Rule 56, 28 U.S.C.A. following section 723. General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; Thompson v. Cranston, D.C., 2 F.R.D. 270; The B. B. No. 167, etc., D.C., 22 F.Supp. 55, 57. Under Admiralty Rule 56, the courts have repeatedly held that a claimant cannot proceed against an impleaded third-party unless his petition is amended. Thompson v. Cranston, D.C., 2 F.R.D. 270; Jensen v. Bank Line, 9 Cir., 26 F.2d 173.

■ The weight of authority indicates that where a defendant has brought in and tendered a third-party defendant alleged to be solely and directly responsible to the original plaintiff, and the original plaintiff, as in the instant case, has declined to amend his complaint to state a cause of action against such new defendant, the order making the additional party a defendant, should be vacated. In addition, it has been held that in any case, whether or not the third-party plaintiff shall be permitted to bring in and retain in the case, a third-party defendant, is discretionary with the Court. General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; McPherrin v. Hartford Fire Ins. Co., D.C., 1 F.R.D. 88; Delano v. Ives, D.C., 40 F.Supp. 672; United States v. Jollimore et al., D.C., 2 F.R.D. 148. In the exercise of its discretion in the instant case, the court is bound to notice the fact that the principal action in this case is by a passenger against a common carrier for hire. The proof required of the plaintiff in such case, is far different than that required of the passenger in a suit against a third party, such as the third-party defendant herein.

The matter of jurisdiction is also an issue in the instant case. The plaintiff is a resident of Ohio, the third-party defendant is a resident of Ohio, and the defendant is a resident of another state. There is diversity of citizenship as between the plaintiff and the original defendant, but there is no diversity as between the plaintiff and the third-party defendant, and if the plaintiff had joined the defendants in her complaint, the defendant could not have removed the case to this court. The courts have repeatedly held that once the jurisdiction of the court has attached in the principal action, third party actions ancillary to the principal actions do not require diversity of citizenship. In practically all of such cases, however, the jurisdiction rests upon the theory that the third-party action is in fact ancillary and the courts have so stated. Lesnik v. Public Industrials Corporation, D.C., 51 F.Supp. 989; Sklar v. Haynes, D.C., 1 F.R.D. 594; Metzger v. Breeze Corporations, 37 F.Supp. 693; Falcone v. City of

New York, D.C., 2 F.R.D. 87; Morrell v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 757; Schram v. Roney, D.C., 30 F.Supp. 458.

Under the decisions, probably there is no ground upon which the jurisdiction of the court can rest in this case, except the theory that the action against the third-party defendant is ancillary to the principal action brought by the plaintiff against the original defendant. Certainly under the constitutional limitations, there is no other basis of jurisdiction.

Literally, the word "ancillary", means, subordinate to, subservient to, auxiliary to, or in aid of, that which is principal and primary. The theory of the third-party complaint is that the third-party defendant, and not the original defendant, is responsible to the plaintiff. The moment that the defendant's own theory of the case is accepted and applied, then in effect, the principal action is destroyed and the action which must be considered as ancillary in order to sustain jurisdiction, becomes the principal action and there is no ancillary action and no jurisdiction. Under the circumstances, it cannot be seriously considered that jurisdiction can be sustained.

■ It is apparent that the situation is one in which it is proper to apply Rule 82 of the Rules of Civil Procedure which is: "these rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Construing this rule with Rule 14, as the court is bound to do, it becomes apparent that the latter cannot be construed as extending the jurisdiction of this court to suits between citizens of the same state where jurisdiction is based upon diversity of citizenship alone. Any other construction would fly in the face of Article III, Section 2, of the United States Constitution which defines the limits of jurisdiction of federal courts, a fact which has perhaps been sometimes overlooked in deciding questions presented under Rule 14.

■ It is the conclusion of this court that the motion of the third-party defendant should be sustained and the order mak-

ing the third-party defendant a party to this action should be rescinded, revoked, and held for naught. Any other decision might well open the doors of federal jurisdiction to many suits of a class not meant to be embraced within it. It would in fact, make collusive suits possible in which a plaintiff could sue a friendly defendant who would then implead a third-party defendant to answer to a suit which could not otherwise be maintained in a federal court.

Order accordingly.