## YAP v. FERGUSON (MILDER et al., Third-Party Defendants).

District Court, S. D. New York.
April 7, 1948.

Cassin & Barry, of New York City (William F. Cassin, of New York City, of counsel), for defendant and third-party plaintiff.

Liebowitz & Schuman, of New York City (Asher Marcus, of New York City, of counsel),for third-party defendants.

No brief was submitted by plaintiff.

RYAN, District Judge.

Third-party defendants move before answer for an order:

(1) to dismiss the action as alleged in the complaint of the defendant and third-party plaintiff because the complaint fails to state a cause of action against third-party defendants;

(2) to dismiss the action because the complaint of plaintiff fails to state facts upon which a claim can be predicated against third-party defendants by either plaintiff or defendant and third-party plaintiff;

(3) to vacate and set aside the order of this court upon which defendant and third-party plaintiff was granted leave to interplead third-party defendants on the ground that defendant and third-party plaintiff was not entitled to an order of interpleader on the claim alleged in the complaint of either plaintiff or defendant and third-party plaintiff;

(4) to dismiss the action on the ground that the court lacks jurisdiction of third-party defendants for the reason that there is no diversity of citizenship between third-party defendants and defendant and third-party plaintiff; and

Plaintiff, a resident of the Republic of The Philippines, is engaged in the wholesale trade of various items including articles of women's wearing apparel. Defendant, a resident of the State of New York, is a dealer in and exporter of these articles.

Plaintiff alleges that:

"On or about the 3rd day of April, 1947, at the City of New York, plaintiff, through its agent thereunto duly authorized, entered into an agreement with defendant, wherein and whereby defendant agreed to sell and deliver to plaintiff, and plaintiff agreed to purchase from defendant, 80,000 ladies' used rayon dresses, specified in said agreement to be without damages or holes except occasional seam openings, and further specified in said agreement to be fumigated and clean. In and by said agreement, plaintiff agreed to pay 30¢ each for the aforesaid dresses.

"At the time and place of making said agreement defendant warranted the aforesaid dresses to be of good merchantable quality, and plaintiff relied upon defendant's said warranty in agreeing as aforesaid to purchase, and in purchasing, the said dresses.

"Thereafter defendant delivered to plaintiff shipping documents covering 80,000 dresses and defendant, in pretended compliance with the aforesaid agreement and warranty, shipped 80,000 dresses to plaintiff, and plaintiff, further relying upon defendant's said warranty as aforesaid, paid defendant the sum of $24,000. in full payment for the said 80,000 dresses.

"Thereafter the said 80,000 dresses so shipped by defendant to plaintiff arrived at the Port of Manila in the Republic of the Philippines and were delivered to plaintiff, and plaintiff immediately caused the same to be inspected and surveyed. The said dresses, upon inspection and survey, were found not to be as specified in the aforesaid agreement and as warranted by defendant, but were found to be rotten, dirty and torn, and were further found to include a substantial number of cotton dresses, likewise rotten, dirty and torn, all of no value whatsoever.

"Plaintiff thereupon immediately notified defendant about the wholly defective and improper kind, quality, and condition of the said dresses, as revealed by the aforesaid inspection and survey."

Plaintiff's first cause of action seeks damages in the sum of $30,000 for breach of warranty.

The second cause of action alleges, in substance, that defendant knew the pur-

pose for which the dresses were purchased by plaintiff, that plaintiff relied on the judgment of defendant in making his purchase, that the dresses shipped were without value and not fit for re-sale—all to plaintiff's damage in the sum of $30,000.

The third cause of action alleges, in substance, that plaintiff made known to defendant that he required the dresses to fill existing orders from his customers, that as a result of the defective condition of the dresses plaintiff has not been able to fill these orders and that plaintiff has lost profits in the sum of $30,000.

Defendant, Ferguson, moved before answer, pursuant to Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order permitting him to serve Maurice Milder and Harry I. Milder individually and as co-partners with a third-party summons and complaint. An order permitting this was signed on February 20, 1948.

The third-party complaint alleges that the third-party defendants are residents of this district engaged in the business of exporting new and used clothing. Paragraph "Fourth" of this complaint alleges:

"That at the time of the purchase by the defendant and third-party plaintiff, as aforesaid, the third-party defendants knew that the aforesaid dresses were purchased for re-sale as clothing and warranted to the defendant and third-party plaintiff the aforesaid ladies' used rayon dresses to be fit for use as wearing apparel and to be without damage and of merchantable quality, and the defendant and third-party plaintiff relied upon the aforesaid warranty of the third-party defendants and of said third-party defendants' skill and judgment as to the quality thereof, and the defendant and third-party plaintiff paid the third-party defendant the sum of Twenty Thousand Eight Hundred ($20,800) Dollars therefor."

Third-party complaint further alleges that plaintiff's damages were caused by reason of the failure of third-party defendants to comply with all the terms and conditions of its contract of sale and the warranty thereunder, and that if any recovery be had against defendant, the third-party defendants are liable to it therefor.

■ When the respective claims are the same and a recovery by the plaintiff against the defendant would necessarily be followed by a recovery for the defendant against the third-party defendant, then joinder is proper. Bancroft Bldg. Corporation v. Eisner, 263 App.Div.877, 32 N.Y. S.2d 166; Host v. Minkowitz, Sup., 53 N.Y. S.2d 251. These decisions were rendered prior to the enactment of § 193-a of the New York Civil Practice Act. Under the laws of this state, the third-party defendant is afforded no substantive right prohibiting interpleader. Where there is a substantive right to indemnification or contribution accruing to defendant as against a third-party defendant, the procedure for its enforcement is to be found in Rule 14, Federal Rules of Civil Procedure.

■ It appears on the face of the complaint and third-party complaint that defendant and third-party defendants are residents of the state of New York. Although there is no diversity of citizenship between these parties, this court has jurisdiction. Where the claim of defendant against a third-party defendant is ancillary to the matter alleged in the complaint this court may entertain the suit. Saba v. Emil Katz & Co., D.C., 55 F.Supp. 1000; Morrell v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 757; Falcone v. City of New York, D.C., 2 F.R.D. 87, 91.

In Saba v. Emil Katz & Co., supra, the court said, at 1001:

"An ancillary suit may be maintained though the rights arise under different contracts if the subject matter is the same, and the proceeding is subordinate to or in aid of, or to regulate the primary suit, and it avoids relitigation in other courts of the issues heard and adjudged in the primary suit. * * *"

Entertainment of this suit here will accomplish this.

Motion denied.