## WOODS v. BATCHELDER.
### Civ. 506.

District Court, D. Maine, S. D.

July 14, 1948.

Edmund M. Sweeney, of Boston, Mass., for plaintiff.

Geo. H. Hunt, of Augusta, Me., for defendant.

CLIFFORD, District Judge.

The original action was commenced by the Housing Expediter to recover overcharges in rent wrongfully collected by the defendant from the tenant.

The defendant purchased property, a dwelling house consisting of several apartments, located in Gardiner, Maine, from

a Mrs. Henry A. Almond in October, 1946. Rent regulations went into effect, in this area, on November 1, 1946, or about one month after the purchase by the defendant. The maximum rent date was January 1, 1946. The property was not registered with the Area Rent Office at the time of its sale to the defendant.

The defendant alleges, in his third-party complaint, that he bought the property upon the express representation of Mrs. Almond, together with that of the real estate broker effecting the sale, that the rent from the upstairs apartment, in which the tenant resided, was $45.00 per month. The defendant admits receiving rent at this amount until he sold the property on the first day of March, 1948. The rent in effect on the maximum rent date was $35.00 per month. This amount, therefore, was the rent ceiling on November 1, 1946.

The defendant contends that Mrs. Almond should be made a third-party defendant in this action due to the fact that her representation made to him regarding rent paid for the upstairs apartment was false, and that she is directly responsible for any overcharges which have been exacted.

The question here to be decided is whether the third-party complaint in this case is allowable under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or, in other words, whether Mrs. Almond may be liable to the third-party plaintiff for all or part of the plaintiff's claim against him.

■ The underlying policy for Rule 14 is the avoidance of multiplicity of litigation. However, the third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action.

The case of United States v. Jollimore et al., 2 F.RD. 148, is very much in point. In that case the United States sued the defendants on a note, there being no question as to liability. The defendants unsuccessfully sought to bring in, as third-party defendant, a company; the original payee, against whom it asserted a claim of damages for breach of warranty of the quality of the article for which the note was given. The Court said in 2 F.R.D. at page 148:

"Any liability of the third-party defendant to the defendants is independent of the assertions of the claim of the United States and would, therefore, appear not to be a liability 'for all or part of the plaintiff's claim against him.' To allow the impleading of this third-party defendant would be to introduce a new and separate controversy into these proceedings."

To the same effect is Saba v. Emil Katz & Company, D.C., 55 F.Supp. 1,000, in which the plaintiff sued the defendant for breach of warranty in the sale of finished rayon cloth, and the defendant sought to implead suppliers of raw cloth for breach of warranty of such cloth.

The Court granted a motion to dismiss the third-party complaint saying, in 55 F. Supp. at page 1,001:

"It is apparent that the alleged cause of action against (the third-party defendant) is independent of the original action; is based on different facts and calls for unrelated proof of a different character from that in the primary action. It is not an ancillary proceeding * * *."

■ The only issues involved in the original complaint, in the instant case, relate to the amount, if any, of monthly overcharges for rent, and the period of time during which such overcharges were collected. The trial of the third-party complaint would involve a determination of issues wholly unrelated to the issues involved in the trial of the original complaint.

The defendant's motion for leave to serve a third-party complaint is, therefore, dismissed, without costs.