GOODARD v. SHASTA S. S. CO., Inc. (OLDMAN BOILER WORKS, Inc., Third-Party Defendant).

Civ. A. No. 3809.

United States District Court
W. D. New York.

Feb. 16, 1949.

Sanders, Hamilton, Dobmeier & Connelly, of Buffalo, N. Y., for defendant and third-party plaintiff.

Adams, Smith, Brown & Starrett, of Buffalo, N. Y. (Arthur E. Otten, of Buffalo, N. Y., of counsel), for third-party defendant.

KNIGHT, Chief Judge.

Defendant moved and obtained this court's permission to make Oldman Boiler Works, Inc., a third party defendant. In its opinion, dated December 23, 1948, this court said:

"Defendant, therefore, is granted leave to serve a summons and a copy of the proposed complaint upon Oldman Boiler Works, Inc. and make the latter a third-party defendant pursuant to amended Rule 14."

Formerly Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., read:

"The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff."

This sentence is omitted in amended Rule 14. This was done, according to the advisory committee notes, "not to change the law, but because the sentence states a rule of substantive law which is not within the scope of a procedural rule. It is not the purpose of the rules to state the effect of a judgment."

The third-party summons served upon Oldman Boiler Works, Inc., required the latter to serve upon plaintiff's attorney and upon the attorney for defendant and third-party plaintiff "an answer to the third-party complaint which is herewith served upon you and an answer to the complaint of the plaintiff, a copy of which is herewith served upon you. * * *"

Amended Rule 14 does not expressly require the third-party defendant to answer plaintiff's complaint. The third-party defendant's motion to strike this requirement from the summons is therefore granted.

The motion for an order dismissing the third-party summons and complaint presents two further problems: (1) whether Rule 14 applies to a third-party independent contractor, (2) whether this court has jurisdiction over the litigation between the third-party plaintiff and the third-party defendant.

Counsel for the third-party defendant urge that "the third party having been in sole possession and control of that part of the ship here in question, defendant

cannot be held liable to the plaintiff for any negligence of the third party"; that plaintiff, in short, cannot have a cause of action against defendant and the latter therefore cannot have a cause of action under Rule 14 against the third party. In support of this contention they cite three cases— Lynch v. United States, 2 Cir., 163 F.2d 97; Vitozi v. Balboa Shipping Co., Inc., 1 Cir., 163 F.2d 286; Muscelli v. Frederick Starr Contracting Co., 296 N.Y. 330, 73 N.E.2d 536. None of these cases, however, involved the question of bringing in a third-party defendant.

The suit at bar was brought as a civil action, although plaintiff alleges that the accident occurred in a vessel in which he was employed on a navigable stream and that the vessel was unseaworthy. The third-party defendant takes the position that: "he (plaintiff) sues for the enforcement of a maritime right and, therefore, the rights and liabilities of the parties must be determined by the maritime law * * *. The question, therefore, is whether the defendant presents a cause of action against the third party under the maritime law. He does not allege any such cause of action."

Admiralty Rule 56, 28 U.S.C.A., however, provides in part:

"In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other * * * person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."

Rule 14 "is patterned after Admiralty Rule 56 * * *, and extends the right to bring in a party who is or may be liable to the plaintiff." Crim v. Lumbermen's Mut. Casualty Co., D.C.D.C., 26 F.Supp. 715, 718; Balcoff v. Teagarden, D.C.S.D. N.Y., 36 F.Supp. 224, 225.

Section 193-a of the New York Civil Practice Act contains a provision similar to Civil Procedure Rule 14 and to Admiralty Rule 56. It provides:

"1. After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint."

Before its amendment, effective September 1, 1946, this provision, then in Section 193, subd. 2 read—"is or will be liable to such party wholly or in part for the claim made against such party in the action".

■ Under these provisions an independent contractor may be brought in as a third-party defendant. Day v. Fifth Ave. & Forty-Third St. Building Corp., 231 App. Div. 89, 246 N.Y.S. 380; Branch v. Town of Eastchester, 258 App.Div. 727, 14 N.Y.S. 2d 863; Leonhardi v. Bassett, 161 Misc. 324, 291 N.Y.S. 947.

The New York Court of Appeals has held:

"When an employe or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention, and an injury arises by reason of lack of such care and attention, such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence." Scott v. Curtis, 195 N.Y. 424, 428, 88 N.E. 794, 795, 40 L.R.A.,N.S., 1147, 133 Am.St.Rep. 811.

■ In the case at bar plaintiff sues defendant for negligence under common law and not under any special statute. The law of New York state therefore controls. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Brown v. Cranston, 2 Cir., 132 F.2d 631, 634, 148 A.L.R. 1178.

Defendant therefore may join Oldman Boiler Works, Inc., as a third-party defendant, unless the court has no jurisdiction of the resulting controversy between them.

Defendant Shasta Steamship Company, Incorporated, is a citizen of New York State. The third-party complaint alleges that the third-party defendant, Oldman Boiler Works, Inc., is a New York corporation. It further alleges that plaintiff demands judgment against defendant in the sum of $75,000 and itself demands judgment against the third-party defendant in

the amount which plaintiff may recover against it.

Section 1332 of the New 28 United States Code Annotated Judiciary and Judicial Procedure, in effect on September 1, 1948, provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different states."

■ It has been held "that the weight of authority is that an independent basis of jurisdiction is not necessary to support a third party proceeding." Crum v. Appalachian Electric Power Co., D.C.S.D.W. Va., 29 F.Supp. 90, 91. "To decide that an independent ground of jurisdiction over the subject matter must be shown in the third-party action would be to defeat the purpose of Rule 14 of the Federal Rules of Civil Procedure which are to avoid multiplicity of actions and to bring before the court all the parties at one time." Miller v. Hano, D.C.E.D.Pa., 8 F.R.D. 67, 71.

"It appears on the face of the complaint and third-party complaint that defendant and third-party defendants are residents of the state of New York. Although there is no diversity of citizenship between these parties, this court has jurisdiction. Where the claim of defendant against a third-party defendant is ancillary to the matter alleged in the complaint this court may entertain the suit." Yap v. Ferguson, D.C. S.D.N.Y., 8 F.R.D. 166, 168.

"When the court has jurisdiction of the primary action, diversity of citizenship is not necessary between the original defendant and the third-party defendants if the third-party proceeding is ancillary to the primary action." Saba v. Emil Katz & Co., D.C.S.D.N.Y., 55 F.Supp. 1000, 1001.

"Ancillary jurisdiction exists, even in the absence of diversity of citizenship, where the matter before the Court is ancillary to the main cause in pending proceedings, or where it affects property already in the control of the Court." Raftery v. Senter, D.C.E.D.Pa., 41 F.Supp. 807, 808.

In the instant case the claim of the defendant against the third-party defendant is not independent of the original action and so requiring diversity of citizenship as in Woods v. Batchelder, D.C.D.Me., 8 F.R.D. 194, or in Thompson v. Cranston, D. C., 2 F.R.D. 270, affirmed Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1241, where the New York law permitted no recovery by defendant against the third-party defendants.

In the instant case, defendant now has no cause of action against the third-party defendant, whom plaintiff has sued to recover damages for common law negligence. Any claim which defendant may in future make against Oldman Boiler Works, Inc., is contingent upon plaintiff's recovery of damages in the original action. If plaintiff recovers no damages, defendant will have no claim against the third-party defendant. Defendant therefore demands judgment against the third-party defendant only for the amount of all damages plaintiff may recover against itself. The third-party complaint alleges:

"Seventh: That at all the times in the said Complaint mentioned, the said plaintiff was in the employ of, and subject to the orders and directions of the third party defendant, as to all matters connected with the work performed by him, * * *, and that any negligence of any nature which may have resulted in the injuries complained of by the plaintiff was the fault of the third party plaintiff."

In the case at bar there is diversity of citizenship between plaintiff and the third-party defendant and the proof which plaintiff might be required to make against it would be essentially the same as that against the defendant.

■ Plaintiff has not sued the third-party defendant and cannot be compelled so to do for "the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff." Delano v. Ives, D.C.E.D.Pa., 40 F.Supp. 672, 673. In this connection it was said in Whitmire v. Partin, D.C.E.D.Tenn., 2 F.R.D. 83, 84:

"It has been determined that if it appears that a plaintiff declines to amend a com-

plaint so as to ask for relief against the third-party defendant, the order granting leave to bring in the third party should be vacated. * * * Under these conditions there could arise no benefit to anyone by having W. C. Milton a third-party defendant. The defendants make claim in the third-party complaint that W. C. Milton is wholly liable to the plaintiff. This defense can be made just as well without Mr. Milton's being a party. The main purpose of this Rule (14) which is to avoid circuity of actions and multiplicity of suits cannot be accomplished because the plaintiff declines to take any action in this suit against this third-party defendant."

The court therefore dismissed the third-party action.

A like holding was made in Satink v. Holland Township, D.C.D.N.J., 31 F.Supp. 229, where the court said:

"The original defendants may offer all of the matter to exculpate themselves from liability equally as well without the inclusion of the third-party defendants as if they were included. To hold otherwise increases rather than decreases multiplicity of parties, if not litigation. The tender of the third-party defendants becomes a complete gratuity." 31 F.Supp. at page 230.

In Brady v. Black Diamond S. S. Co., D.C.S.D.N.Y., 45 F.Supp. 338, at page 339 appears this dictum:

"Under Rule 14(a), F.R.C.P., the defendant cannot implead the third-party defendant on the ground that the third-party defendant alone, and not the third-party plaintiff, is liable to plaintiff. This presupposes that plaintiff has sued the wrong defendant, which, properly speaking, is a defense, as plaintiff cannot recover a judgment against third-party defendant whom he has not sued. * * * I am aware of several cases which have allowed third-party complaints to stand, where it is alleged that third-party defendant only was liable to the plaintiff."

Plaintiff alleges in his complaint that, at time of the accident, he was employed by Oldman Boiler Works, Inc., on defendant's steamer Shasta but charges defendant with negligence in failing to provide a safe place to work, and that by reason of defendant's "failure to provide reasonable and adequate fire apparatus said vessel was unseaworthy."

From these allegations read in connection with the seventh paragraph of the third-party complaint above-quoted, it cannot be held as matter of law that defendant is not liable to plaintiff and that the third-party defendant is wholly liable as an independent contractor. It seems just and reasonable that these matters should be determined in a single action. If, on the trial, it shall appear that plaintiff's injuries were caused solely by the third-party defendant's negligence and that the latter was in fact an independent contractor relieving defendant of all responsibility, any judgment which plaintiff may recover against defendant may by the latter be recovered from the third-party defendant. Because of this possibility that the evidence on the trial may disclose that Oldman Boiler Works, Inc., is liable as independent contractor to indemnify defendant against plaintiff's recovery, the motion to dismiss the third-party action should be denied. Justification for this conclusion is found in the following cases: Morrell v. United Air Lines Transport Corp., D.C. S.D.N.Y., 29 F.Supp. 757; Saunders v. Goldstein, D.C.D.C., 30 F.Supp. 150; Schram v. Roney, D.C.E.D.Mich.S.D., 30 F.Supp. 458; Gray v. Hartford Accident & Indemnity Co., D.C.W.D.La., 31 F.Supp. 299; Balcoff v. Teagarden, D.C.S.D.N.Y., 36 F.Supp. 224; Atlantic Coast Line R. Co. v. United States Fidelity & Guaranty Co., D.C.M.D.Ga., 52 F.Supp. 177. See also Calvino v. Pan-Atlantic S. S. Corp., D. C.S.D.N.Y., 29 F.Supp. 1022; Dranoff v. Railway Express Agency, D.C., 28 F.Supp. 325; Moore's Federal Practice Vol. 1, 1947 Supplement, p. 367.

On this ground, the above-cited cases of Whitmire v. Partin, D.C., 2 F.R.D. 83; Satink v. Holland Tp., D.C., 31 F.Supp. 229; Brady v. Black Diamond S. S. Co., D.C., 45 F.Supp. 338, 339, dictum are to be distinguished. In Rutherford v. Pennsylvania Greyhound Lines, D.C., 7 F.R.D. 245, the court said:

"There is one class of cases, however, in which the courts have been quite uniform in their opinions; this is the class in which

there is some liability from the third-party defendant to the third-party plaintiff, as where there is some liability over or some right to recover back." 7 F.R.D. at page 247.

■ The highest court of New York State distinguishes between active and passive negligence. Although both tortfeasors may be liable to the injured plaintiff, the one guilty of merely passive wrongdoing is entitled to indemnity against the active wrongdoer upon common law principles. Lobello v. City of New York, 294 N.Y. 816, 62 N.E.2d 343; Schwartz v. Merola Bros. Construction Corp., 290 N.Y. 145, 48 N.E.2d 299; Phoenix Bridge Co. v. Creem, 102 App.Div. 354, 92 N.Y.S. 855, affirmed 185 N.Y. 580, 78 N.E. 1110; Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A.,N.S., 1147, 133 Am.St.Rep. 811. In the instant case, defendant may be able to establish that its alleged negligence was merely passive.

■ The allowance of a third-party suit under Rule 14 rests in the sound discretion of the court. General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; Delano v. Ives, D.C.E.D.Pa., 40 F.Supp. 672; McPherrin v. Hartford Fire Ins. Co., D.C.D.Neb., 1 F.R.D. 88; United States v. Jollimore, D.C.D.Mass., 2 F.R.D. 148.

For these reasons the motion of third-party defendant to dismiss the third-party plaintiff's summons and complaint is hereby denied but the motion to strike from the third-party summons the requirement that the third-party defendant answer plaintiff's complaint is hereby granted.