## CHARLESTON.

R. L. HUTCHERSON, *Admr. v.* G. L. SLATE and
APPALACHIAN POWER CO.
and ·
WILLIE HUTCHERSON, *Infant etc., v.* G. L. SLATE and
APPALACHIAN POWER CO.

(Nos. 6052-6052A)

Submitted February 7, 1928.    Decided February 14, 1928.

1.  NEGLIGENCE—*Where Concurrent Negligence of Two Persons
    Causes Injury, Both Are Liable; Regardless of Whether
    Negligence of One is Greater or Precedes Other.*

    Where the concurrent negligence of two persons causes an
    injury, both are liable.    It is immaterial in such case that
    the negligence of one is greater than that of the other, or that
    his negligence precedes or follows that of the other.    (p. 188.)

    (Negligence, 29 Cyc. p. 488.)

2.  APPEAL AND ERROR—*Where Two Joint Defendants Are Each
    Liable to Contribuion for Trespass in Case of Judgment,
    Verdict for One and Against Other, Following Erroneous
    Instruction in Favor of First, May be Assailed by Second
    Code, c. 136, § 8).*

    Where A and B are impleaded jointly for a trespass, and
    each is liable to contribution in case of judgment, a verdict
    in favor of A and against B following an erroneous instruc-
    tion in favor of A may be assailed by B as prejudicial to him.
    (p. 190.)

    (Appeal and Error, 4 C. J. § 2605 ; Contribution, 13 C. J. § 21.)

    (NOTE :  Parenthetical references by Editors, C. J.—Cyc. Not
    part of syllabi.)

Error to Circuit Court, McDowell County.

Action by R. L. Hutcherson, administrator of Mrs. Dorcas
Hutcherson, deceased, against G. L. Slate and the Appalach-
ian Power Company, and action by Willie Hutcherson, an
infant, against G. L. Slate and the Appalachian Power Com-
pany.    Judgment in each case for plaintiff against the second
named defendant and exonerating the first named defendant,
and the second named defendant brings error.    Cases heard
together on appeal.

*Reversed as to Slate; affirmed as to Appalachian Power Co.*

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Joseph M. Crockett,* for Hutcherson.
*Strother, Sale, Curd & Tucker,* for Slate.

HATCHER, JUDGE:

The above cases grew out of the same automobile accident and were by consent submitted to the same jury upon the same evidence. In each case the jury exonerated defendant Slate, but found a verdict against the defendant Appalachian Power Company.

The errors alleged here relate to the sufficiency of the evidence to sustain the verdict, to the quantum of the recovery by plaintiff Willie Hutcherson, and to the giving and refusal of instructions.

Mrs. Dorcas Hutcherson was killed and Willie Hutcherson injured in the wreck of an automobile owned by defendant Slate and driven by his son, Claude. The occurrence was meagerly described by Claude in this way: "Well, I was on the road between Bramwell and Bluefield, and going down a kind of a hill, on a long stretch and made a little curve, and I saw a truck below, coming, and I blew my horn, and I just kept on going, and he did too, and he was holding the middle of the road. I saw him first on the bridge, and he didn't seem to go either way, and after I saw he wasn't going to get out I cut my car out and got over the hill, and I tried to cut back into the road, and when the car did come back it cut across the road and hit this slab and turned over." He further stated that the speed of his car was about 25 miles an hour when he saw the truck; that it was about half that rate when he passed it, and about ten miles an hour when he "cut back" into the road. The road at the place of the accident was hard surfaced to a width of twelve feet. On either side of the hard surface were shoulders, three feet in extent. From these shoulders the road sloped gradually for about four feet into a ditch. The hill referred to has a grade of 5.7%. The bridge is of concrete and fourteen feet wide. The truck was owned by the defendant Company. According to the evidence of the plaintiffs, the left wheels of the truck were three feet to the left of the center of the road while the automobiles were passing; Claude saw the truck when he was about 300

feet from the bridge; he pulled out to the right at 88 feet from the bridge until the right wheels of his car were from three to four feet off the hard surface and in the soft earth at the top of the ditch, his left wheels remaining on the hard surface; his car proceeded in this relation to the road for something like seventy feet during which time he passed the truck, and upon returning to the hard surface (at about sixteen feet from the bridge) his automobile ran across the road, struck the left wall of the bridge, turned completely over the side of the bridge and fell upside down into the ravine below. Claude admitted that he did not apply his brakes as he passed the truck, but that he drifted by with his ignition cut off, and his car in gear, and that he did not apply his brakes or turn on his ignition between passing the truck and striking the bridge.

The driver of the truck testified that he had his machine on the right of the road at the time Claude passed him. He was supported in this by other witnesses. As the verdict of the jury is for the plaintiffs, we must regard the verdict from the evidence which favors them. From that evidence the Slate car would not have been forced into the position which led up to the accident if the truck had yielded half of the road. Its failure to do so was undoubtedly a contributing cause of the accident, and as such renders the Company responsible in damages. Thompson Neg. Sec. 75; *Day* v. *Coal Co.,* 60 W. Va. 27; *Johnson* v. *Chapman,* 43 W. Va. 639. The evidence therefore supports the verdicts against the Company.

Willie Hutcherson was injured in her right shoulder, her left side and her left knee. No bones were broken, but her shoulder was badly bruised, her knee was gashed, and her left side bruised to the extent that she suffered pain from it for several months. Her shoulder and knee pained her for several weeks. These injuries were confirmed by her family physician. On this evidence, which is undisputed, the jury gave her $2,000.00 as damages. It has been oft repeated that the law furnishes no measure or scale by which to estimate pain, and that a verdict of a jury thereon will not be disturbed unless so great or so small as to indicate bias or

prejudice. *Landau* v. *Farr,* 104 W. Va. 445, 140 S. E. 141, and cases there cited. What we said in that case is equally applicable here. ''The trial court heard the evidence in this case, and observed the conduct and bearing of the witnesses. Its refusal to disturb the verdict is entitled to great weight. 4 C. J. p. 835, sec. 2818. Before we could set aside this verdict, we would have to hold, not only that the jury was influenced by improper motives, but that the trial court abused its discretion in sustaining the verdict. Under the authorities above cited, the evidence does not warrant such a holding.''

The brief of the Company complains of the giving of instruction No. 4 on behalf of defendant Slate and of the refusal of No. 5 offered by the Company. In its motion to set aside the verdict, the Company enumerated certain instructions given by the court as erroneous, but did not specify the Slate instruction. Counsel for Slate contend that under *Clark* v. *Kelly,* 101 W. Va. 651, and other decisions of this Court, the Company is deemed to have waived its objection to that instruction. We have in some cases reviewed a particular instruction when the only ground assigned in the motion below was that the verdict was contrary to the evidence. But where specific objection to certain instructions is made and references to the others, is omitted, as in this case, we think the rule invoked by counsel should ordinarily apply to those omitted.

Instruction No. 5 of the Company which was refused is as follows: ''The Court instructs the jury that even though you may believe from all the evidence that the truck of the Appalachian Power Company was to the left of the center of the road when it passed the car being driven by the witness Claude Slate, if you further find that after the automobile and truck had passed, Claude Slate, by the exercise of reasonable care, could have stopped his automobile or turned the same back into the road, and crossed the bridge described in the evidence, and failed to do so, you are told that such failure to exercise reasonable care, if you so find, was the proximate cause of the accident.''

Counsel for the plaintiffs contends that the instruction was properly rejected, on the theory that the proximate cause of the accident was not a vital inquiry, and the Company cannot escape liability even though Slate failed to use ordinary care in the management of his automobile, if the act of the truck driver was an efficient cause of the accident. He cites in support of that argument *Brown* v. *Natural Gas Co.*, 299 Fed. 463, which holds: "Where negligence of two persons operates to produce an injury, both are liable and inquiry as to proximate cause is not pertinent." It is settled law that when a joint trespass is committed, apportionment of the negligence among the trespassers is not allowed. It is not material that one trespasser contributed much to the injury and another but little, if the damage would not have occurred but for the concurrence of the two. In such cases the act of each is an efficient cause of the injury. "All are principals; and each defendant is liable for all the damages sustained without regard to different degrees or shades of wrong-doing." Sedgwick on Damages (9th ed.) Sec. 431. "It is not a question of comparative negligence but of contributory; for if the negligence of one of two defendants contributed toward the injury, he cannot escape liability by showing greater negligence on the part of his co-defendant." *Johnson* v. *Chapman, supra,* 644. See Cooley on Torts (3rd ed.) 266-7. The instruction was therefore properly refused.

In its motion to set aside the verdict, the Company did specify as error the giving of the court's instruction No. 2.

"The Court further instructs the jury that if they should believe from all the evidence, and all the surrounding circumstances in evidence in this case that the operator of the truck, on meeting the automobile coming from the opposite direction on the same highway, failed to turn to the right of the center of the highway so as to allow the automobile to pass without interference, and that the driver of the automobile, in endeavoring to pass the truck, was without fault on his part, and without negligence on his part, and that the sole proximate cause of the accident was the failure of the driver of the truck to turn to the right of the

> center of the road, then the jury will find the
> Defendant G. L. Slate not guilty in both cases.''

This instruction gives undue importance to the manner in which young Slate handled his car in passing the truck. It virtually limits the consideration of the jury to his behavior at the moment of passing. The jury could well infer from it that if Slate passed the truck without negligence, they need not regard his conduct before and afterwards. His conduct while passing, however, is not of major significance on the question of his negligence. The accident did not occur then, and nothing occurred then of greater moment than what occurred before and after that interval. If his story is to be accepted, the immediate cause of the wreck was his failure to use his brakes or his failure to steer his car properly. He says his brakes were in good condition. He makes no complaint of his steering gear. If his car was traveling at the rate of only ten miles an hour when it returned to the road, as he stated, it is hard to conceive how in the exercise of ordinary care to apply the brakes and steer the car, he would have permitted it to run into the side of the bridge. Neither the testimony nor the photographs indicate anything inherently dangerous to automobile travel along the top of the slope of the ditch where the right wheels of the Slate car travelled. It would seem that danger to an automobile there would arise only from speed or lack of care. If the inferences from the physical facts are to be given weight, they point to the conclusion that young Slate was traveling so rapidly before he passed the truck that he could not regain control of his car after he passed, and that the momentum acquired before passing the truck was responsible for the wreck. Consequently, important points of inquiry for the jury were Slate's conduct before and after passing the truck as well as at the moment of passing. We are not unmindful that the instruction told the jury that in order to find Slate not guilty they must find that the ''sole proximate cause of the accident was the failure of the driver of the truck to turn to the right of the center of the road.'' But as heretofore shown, the proper

inquiry in such case is not the *proximate cause.* That term aggravated instead of remedied the malady of the instruction. It was error to give it.

Counsel for Slate say that a joint tort-feasor as defendant, has no right to complain of an error in favor of his co-defendant. They refer to the general law that a plaintiff can sue joint wrong-doers separately as well as jointly, can take separate judgments for the wrong, and can enforce which judgment he elects. They contend that the plaintiffs in these cases have the sole right to object to the verdicts in favor of Slate and point to the fact that they are not complaining. Section 8 of Chapter 136, Code, provides for contribution by tort-feasors in the payment of a joint judgment. The general law provides that one joint tort-feasor may ordinarily require contribution from another, except in cases where the wrong is *malum in se.* 13 C. J. 829, 830-1; 6 R. C. L. 1054-5-6, sec. 17; *Buskirk* v. *Saunders,* 70 W. Va. 363. Counsel say that the truck driver was criminally negligent. Be that as it may, his right of contribution is not under consideration. It is that of his employer, who is made a wrongdoer only by inference of law.

The sum of the judgment in these cases is $12,000.00. Had joint verdicts and judgments been rendered herein, the Company would ultimately have been mulcted for only $6,000.00. As it is now, the verdict relieves Slate from contribution and the Company must pay the entire amount. If the verdict in favor of Slate is based on an erroneous instruction, then the Company is *prejudiced* thereby, because it is entitled to insist that its right to demand contribution be extinguished only after the jury has considered the facts under proper instructions. In *Virginian Ry. & C. Co.* v. *Hill,* 120 Va. 397 (405) the court well said: "If one joint tort-feasor should obtain an erroneous instruction which improperly fixes the liability on another the latter has the right to except. Any other rule would be indefensible". Here the instruction not only benefited Slate but prejudiced the Company, consequently the right of the latter to complain can not be gainsaid.

For the reasons above, the judgment of the court in favor of Slate will be reversed in each case, and the verdict of the

jury in his favor will be set aside in each case. The several judgments of the court in favor of the plaintiffs against the Appalachian Power Company will be affirmed.

*Reversed as to Slate; affirmed as to Appalachian Power Co.*