W. D. PAYNE *et al., Execrs. v.* CHARLESTON NATIONAL
BANK, *Admr., et al.*

(No. 7129)

Submitted March 24, 1932.    Decided May 3, 1932.

*Payne, Minor & Bouchelle,* for appellants.
*Herbert L. Carney,* for appellees.

LITZ, JUDGE:

French Massey, while living on a tract of 853 acres of
land in Fayette county, owned jointly by Janet P. Dickinson,
Margaret H. Osenton and the estate of James M. Payne,
deceased, was electrocuted by coming in contact with an
electrically charged wire fence thereon, resulting from a de-
fective electric lighting system maintained for the purpose
of furnishing electric light to numerous tenants on the
premises. A few days before the tragedy, the property had
been released to the owners by Boomer Coal & Coke Com-
pany, a corporation, which had constructed a mining town
thereon in operating the land for coal under a coal mining
lease.

In an action of trespass on the case for his alleged wrong-
ful death, the personal representative of Massey recovered
judgment of $5,000.00 against W. D. Payne and Virginia A.

Payne, as executors and trustees under the will of James M. Payne, deceased, which was reversed upon writ of error to this court on the ground that a trust estate is, ordinarily, not liable for torts committed by the trustees who are free from the control of the beneficiary. *Massey* v. *Payne,* 109 W. Va. 529, 155 S. E. 658. Thereafter, another action was instituted by the personal representative against W. D. Payne, Virginia A. Payne and J. F. Drehert, in charge of the property, with limited authority from the owners. Paynes having been dismissed from the action upon a plea in abatement, judgment was taken against the agent, Drehert, in the sum of $3,127.38, which, with other costs incidental to the litigation, was paid by Janet P. Dickinson, and W. D. Payne and Virginia A. Payne, as executors and trustees under the will of James M. Payne, deceased. Margaret H. Osenton having died, this suit was instituted by Janet P. Dickinson and W. D. Payne and Virginia A. Payne, as executors and trustees under the will of James M. Payne, deceased, against her heirs and personal representative for contribution. Plaintiffs have appealed from a decree dismissing the bill on demurrer.

The grounds of demurrer are (1) that the law will not enforce contribution among joint tort feasors, and (2) that payment by plaintiffs of the judgment against the agent, Drehert, was voluntary.

We cannot share the views of defendants upon either ground. "The general law provides that one joint tortfeasor may ordinarily require contribution from another, except in cases where the wrong is *malum in se.* *Hutcherson* v. *Slate,* 105 W. Va. 184, 142 S. E. 444. In the annotation to *Village of Carterville* v. *Cook,* 129 Ill. 152, 16 Am. St. Repts. 248 (257), it is stated: "While the decisions upon the subject are as yet infrequent and meager, we think we may safely say that they maintain that where two or more persons are jointly and equally answerable for negligence, and one of them has been compelled to discharge the whole liability, he is entitled to contribution from the others, provided the circumstances are not such that he must be presumed to have intended to do an unlawful act or an inten-

tional wrong. Where the negligent acts have been separate and distinct, and committed by persons not partners, nor jointly acting nor interested in a common purpose, it may be that the rule is inapplicable; but we have met with no cases either affirming or denying the applicability. But where the neglect is joint, as where it consists of the omission of a duty which each of the parties was equally bound, both in law and in good conscience, to discharge, then each is entitled to contribution from the other. Thus if the owners of a party-wall have permitted it to become in a dilapidated and dangerous condition, or if two counties equally bound to keep a bridge in repair have negelected their duty in this regard, and either has been compelled to pay the damages resulting from such negligence, contribution from the other may be enforced. *Armstrong County* v. *Clarion County,* 66 Pa. St. 218; 5 Am. Rep. 368; *Ankeny* v. *Moffitt,* 37 Minn. 109.'' In 6 R. C. L. 1056, it is said that the prevailing view seems to be that where the concurring active negligence of two persons causes injury to a third, and one of the wrong-doers is compelled to discharge the liability thereby incurred, no contribution or indemnity can be had. The negligence involved in this case arises from joint ownership of property. Moreover, the plaintiffs are not seeking contribution from their co-tenants for directly discharging the joint liability of all to the estate of the injured person, but for relieving the agent, Drehert, who was, under the circumstances, entitled to exoneration from the principals. We see no reason why all the owners should not contribute their proportionate share.

The ruling of the circuit court is reversed, and the cause remanded.

*Reversed and remanded.*