## CRUM v. APPALACHIAN ELECTRIC POWER CO. et al.

### Civ. No. 15.

District Court, S. D. West Virginia.
Sept. 9, 1939.

E. A. Marshall, of Huntington, W. Va. (Fitzpatrick, Brown & Davis, of Huntington, W. Va., on the brief), for Winisle Coal Co.

N. D. Waugh and Mark T. Valentine, both of Logan, W. Va., for Appalachian Electric Power Co.

R. H. Casto, of Logan, W. Va., for Crum.

HARRY E. WATKINS, District Judge.

This action was originally instituted in the Circuit Court of Logan County, West Virginia, by the plaintiff to recover from the Appalachian Elecric Power Company damages for the death of Jack Crum resulting from alleged negligence of the defendant. On petition of the defendant the case was removed into this court on the ground of diversity of citizenship, the plaintiff being a resident of West Virginia, and the defendant a Virginia corporation.

Whereupon, the defendant filed a motion in this court under Rule 14 (a) of the New Rules of Civil Procedure, 28 U.S.C.A.

following section 723c, to make Winisle Coal Company, a West Virginia corporation, a third party defendant. The court granted this motion. The coal company then made a motion under Rule 12 (b) (2) of the Federal Rules of Civil Procedure that it be dismissed as third party defendant for the reason that it and the plaintiff were citizens of the same state, and that there was no diversity of citizenship that would permit it to be made a third party defendant. It claimed that under Rule 8 and under Rule 82 there was no jurisdiction in this court to entertain a claim in this action against it. In an opinion by Judge McClintic, this court overruled such motion, holding that an independent basis of jurisdiction is not necessary to support a third party proceeding. Crum v. Appalachian Electric Power Co., D.C., 27 F. Supp. 138.

The coal company as third party defendant has now filed a second motion under Rule 12 (b) (6) to dismiss the third party complaint for the reason that it does not state a claim upon which relief can be granted. Consideration of this motion necessitates an examination of the facts alleged in the original complaint and third party complaint.

The original complaint says that the deceased was electrocuted as the result of negligence of the power company in failing to properly insulate its transmission wires leading into a metallic building of the coal company; that the lack of insulation caused the current to charge the metallic building; and that the deceased, an employe of the coal company, was electrocuted when he entered the metallic building on the date of the accident for the purpose of throwing on a switch which connected the coal company power lines with the transmission lines of the defendant company.

The allegations of the third party complaint were to the effect that the power company was not negligent, but that the negligence of the coal company was the primary cause of the death. The power company furnishes power to the coal company under a contract between them. It alleges that the coal company hired the deceased, a boy 15 years old, contrary to the statutes of West Virginia, and with full control over him, put him in a dangerous place, and that his death was caused by the act of the coal company. The third party complaint further alleges that if the power company's negligence contributed to

the death, that the coal company was equally responsible and equally liable for the payment of any judgment that might be rendered against the power company. The power company asserts its right to bring in the coal company as a third party defendant for two reasons, as follows: (1) The coal company is or may be liable to the plaintiff for all or part of plaintiff's claim against it; and (2) the coal company is or may be liable to the power company for all or part of plaintiff's claim against it.

In effect, the power company, as third party plaintiff, says to the third party defendant coal company: (1) You, not I, were negligent and your negligence caused this death; but (2), if I were also negligent with you, I am entitled to contribution if plaintiff recovers a judgment against me. Such is permitted under Rule 14(a).

The coal company, third party defendant, bases its present motion upon two grounds, as follows: (1) There is no jurisdiction in this court to entertain a claim in this action by plaintiff against it, both being residents of the same state. (2) Rule 14 does not authorize one tortfeasor to bring in a joint tort-feasor by third party complaint where no right of contribution is recognized by the laws of the state wherein such action is pending; and that in West Virginia there is no right of contribution between joint tortfeasors, of the type described in the pleadings.

The first of these grounds was overruled and fully disposed of in Judge McClintic's decision in this same case. Crum v. Appalachian Electric Power Co., Winisle Coal Co., D.C.S.D.W.Va., 27 F.Supp. 138. It is not necessary to further discuss the question of jurisdiction. Suffice it to say that the weight of authority is that an independent basis of jurisdiction is not necessary to support a third party proceeding. Bossard et ux. v. McGwinn et al., D.C.W.D.Pa., 27 F. Supp. 412; Kravas et al. v. Great A. & P. Tea Co., D.C.W.D.Pa., 28 F.Supp. 66; Tullgren v. Jasper et al., D.C.Md., 27 F. Supp. 413; Satink v. Township of Holland, D.C. N.J., 28 F.Supp. 67.

I can see no merit in the second ground urged by the coal company. In West Virginia one joint tort-feasor is entitled to contribution from another

**92**

joint tort-feasor, except where the act is malum in se. Buskirk v. Sanders, 70 W. Va. 363, 73 S.E. 937; Hutcherson v. Slate, 105 W.Va. 184, 142 S.E. 444; Payne v. Charleston Natl. Bank, 112 W.Va. 251, 164 S.E. 252.

■ There is nothing in the complaint to show that the alleged negligence of the power company was malum in se. The mere non-performance of a civil obligation or duty is not such a wrong as will condemn a claim to contribution. Such was the law in Virginia before the state of West Virginia was formed. Thweatt's Adm'r v. Jones, 1 Rand., Va., 328, 10 Am. Dec. 538. Such has been the law of West Virginia since the formation of the state. See the West Virginia decisions cited above, where malum in se has been defined to mean a fraud or voluntary wrong. Since the third party plaintiff here may have a right of contribution against the third party defendant, it is not necessary to decide the result, if contribution was not allowed between joint tort-feasors in West Virginia. In Louise Satink v. Township of Holland, D.C. N.J., 28 F.Supp. 67, it was held that even though the state law does not provide for contribution as between joint tort-feasors, the defendant in a tort action is not barred from bringing in a joint tort-feasor as a third party defendant, as the latter may be liable to the plaintiff. See, also, Virginia R. Crim v. Lumbermens Mutual Casualty Co., D.C., 26 F.Supp. 715, 718, wherein the court said:

"The very purpose of Federal Rule 14 is to avoid two actions which should be tried together. This saves time and expense. Here the third party complaint tenders to the plaintiff another defendant, who, it is alleged, is liable to her for all of the claim she is asserting against the original defendant.

"This is permissible under the rule, and in that respect the federal procedure differs from that of the State codes. The latter require that the third party defendant be liable wholly or in part to the defendant, either by way of contribution, indemnity or otherwise, for the claim made against him. The federal rule is patterned after Admiralty Rule 56 [28 U.S.C.A. following section 723], and extends the right to bring in a party who is or may be liable to the plaintiff."

The motion to dismiss the third party complaint is denied, and the third party

defendant is required to answer as required by Rule 12 under the Rules of Civil Procedure. An order may be submitted accordingly.