## NORA v. PITTSTON STEVEDORING CORPORATION et al.

### Civ. No. 9466.

United States District Court
E. D. New York.

March 7, 1950.

Hughes, Flamman & Simpson, New York City, for Thos. Grogan's Son, Inc. (August C. Flamman, New York City, of counsel), for motion.

Alexander & Ash, New York City, for T. J. Hammill & Co., Inc. (Edward Ash, New York City, of counsel), in support of the motion.

Michael A. Hayes, New York City, for Pittston Stevedoring Corp., in support of the motion.

Rafferty & Kane, New York City, for Skilsaw, Inc. (Joseph Kane, New York City, of counsel), in opposition.

KENNEDY, District Judge.

This is a motion for an order permitting a fourth-party defendant, Thos. Grogan's Son, Inc. (Grogan), to implead as fifth-party defendants R. J. Atkinson, Inc. (Atkinson) and Skilsaw, Inc. (Skilsaw).

The main complaint, filed November 3, 1948, by Emma Nora, as Administratrix, against Pittston Stevedoring Corp. (Pittston) alleges, among other things, that Pittston engaged T. J. Hammill & Co., Inc. (Hammill), employer of plaintiff's intestate, to do certain carpentering work in the hold of the S. S. F. X. McGraw, and that plaintiff's intestate (hereafter referred to as plaintiff) while working in the lower

hold of that ship and "while holding and manipulating an electric saw" was caused to fall by reason of the presence of an excessive amount of grease upon the floor of the hold, sustaining injuries which resulted in death. Jurisdiction is based on diversity. Plaintiff, Emma Nora, is an alien and Pittston is a domestic corporation.

Pittston (a New York citizen) thereafter impleaded Hammill, a domestic corporation. Diversity, therefore, is absent. That complaint alleges that plaintiff was injured "when the guard on the electric saw he was operating failed to close, or function properly". It is also alleged that the saw was owned by Hammill who supplied it to plaintiff. The complaint, therefore, it is argued, is based upon a contract of indemnity implied in law.

Subsequently Hammill impleaded the Hooper Lumber Co., Inc. (Hooper), Grogan and Skilsaw. Hooper and Grogan are domestic corporations. Skilsaw is an Illinois corporation. True diversity, therefore, does not exist. The complaint seeks recovery on the theory of an indemnity agreement implied in law. The complaint alleges that Hammill purchased the saw from Hooper who purchased it from Grogan, who previously purchased it from Skilsaw, the manufacturer.

By the motion now before the court Grogan wishes to implead Atkinson, a domestic corporation, from whom it purchased the saw, and also Skilsaw, the manufacturer.

The application for permission to file the "fifth-party complaint" is resisted by Skilsaw substantially on two grounds: (1) that the complaint does not clearly ascribe the injuries of plaintiff's intestate to any defective condition of the saw, and (2) that even if she does make any claim about the saw, there is want of diversity among the impleaded defendants and, therefore, despite rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., the court would or might be without jurisdiction over the subject matter of the claims raised by the motions to implead.[1]

So far as the first objection is concerned, it is clear that the complaint does make some reference to the saw, and that under the liberal rules of pleading which obtain in the federal court, plaintiff would not be foreclosed against an attempt to impose liability either on the ground that the ship was not properly maintained, or on the ground that the saw was defective, or even on both grounds as concurring causes of negligence. No one ought to undertake to forecast that plaintiff's proof will be limited to the defective condition of the deck, because if that forecast were used, and later turned out to be wrong, the moving defendant would be unjustly precluded from seeking and obtaining any relief by way of indemnity that it might have.

Want of diversity may not be fatal if the controversy concerning ultimate liability among defendants turns out to be purely ancillary to the main cause, and that jurisdictional question I do not consider ripe for decision now. A preliminary inquiry at this time into the facts, limited solely to an effort to resolve the jurisdictional point, seems inadvisable, for it is likely that it would draw into question all of the factual disputes in the case, and thus would produce nothing in the way of time saved.

I think that Grogan should be permitted to state its claim against the defendants sought to be impleaded, without prejudice to any claim on the part of any impleaded defendants, including Grogan,[2] that diversity of citizenship is a necessary jurisdictional ingredient in the controversy among the defendants.

The motion is granted.

---

[1] I may not have given an accurate picture here. Opposition on the jurisdictional ground was first injected into the case by my own suggestion that the question ought to be examined.

[2] Until this point in the case, as far as the papers reveal, several defendants have been impleaded without any consideration of the jurisdictional question. If Grogan's motion be denied, it will remain in the case as a defendant, and yet be precluded against asserting whatever claim over it may have against others involved in the manufacture and furnishing of the saw.