### ELGIN COOPERATIVE CREDIT ASS'N v. AMERICAN EMPLOYERS INS. CO. et al.

### Civ. No. 225.

United States District Court
D. Nebraska, Norfolk Division.

Dec. 29, 1950.

Russell W. Bartels, South Sioux City, Neb., for plaintiff.

G. L. DeLacy, Omaha, Neb., Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for defendant and third party plaintiff.

T. W. Lanigan, Grand Island, Neb., and Harold Rice, Neligh, Neb., for third party defendant.

DELEHANT, District Judge.

Two motions have been submitted to the court in this action and are now ruled upon. One is a motion made by the plaintiff for an order vacating the earlier order granting leave ex parte for the filing of a third party complaint, and dismissing the third party complaint and striking the answer and cross-petition of the third party defendants. The other is a motion by Gail Doran for leave to intervene filed on the same day as, but before, the filing of the original defendant's motion for leave to bring in both of the third party defendants. The rulings upon the motions will be announced separately.

After that ruling there will remain for submission a motion of the third party defendants for an order requiring the plaintiff to furnish to the moving parties certain papers. An order is now being entered which is designed to bring that motion into orderly submission.

### I

### Motion for Elimination of Third Party Procedure

The action was properly brought here by the plaintiff, a Nebraska corporation, against the Insurance Company, a Massachusetts corporation, to obtain a judgment in the sum of $35,000 with interest and costs upon a bankers blanket

bond allegedly executed by the Company in favor of the plaintiff and the State of Nebraska, and the averment of the default under the terms of the bond of the plaintiff's former managing officer. Thereafter, by an ex parte order, the Company before answering, obtained leave, under Rule 14(a), Fed.Rules Civ.Proc. 28 U.S. C.A. to serve summons and complaint upon the third party defendants. Pursuant to such leave the Company served and filed a third party complaint alleging in substance that if the defalcation alleged by the plaintiff occurred, it occurred in and grew out of transactions between the errant manager and Gail Doran and the plaintiff resulting in the alleged diversion to Doran of a large sum of money belonging to the plaintiff. The third party complaint also alleges certain transactions between the plaintiff and the third party defendants designed to recover or secure the amount of such diversion, and its own right contractually and by legal operation, if it be held liable to the plaintiff, to have recourse against the third party defendants for its protection. The pleading is both more extended and more exact than the foregoing reference to it. The Company has also answered the plaintiff's complaint. The third party defendants have answered both the complaint and the third party complaint.

It is to eliminate entirely the third party procedure, and the presence of the third party defendants, and to return the case to its initial status that the motion aims. The court may not appropriately grant it.

It is provided by Rule 14(a) that:

"Before the service of his answer a defendant may move ex parte * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The further language of the rule provides for the procedure thereafter to ensue.

Upon careful consideration of the entire file in the action, including the text of the bond on which the plaintiff declares, the nature of the default alleged, and the allegations made and issues tendered as between the Company and the third party defendants, the court is satisfied that the situation presented is one apt for the employment of third party procedure within Rule 14(a).

If the Company should be found liable upon, and compelled to satisfy to the extent of the obligation, the plaintiff's claim, then it may very well be entitled to recovery over against the Dorans or Gail Doran, and possibly to the capture of property in their name or possession in elimination or mitigation of its loss. If the allegedly defaulting manager and Gail Doran contrived wrongfully to divert assets of the plaintiff into Gail Doran's possession, surely it can not be contended that the plaintiff should be allowed at the same time to recover from the Company and to retain without accounting any claim against or assets or payments of Doran, or that Doran should be immune to liability.

The case seems clearly to present a situation in which the third party defendants within the thought of the cited rule are or may be liable to the Company for all or a part of the plaintiff's claim against it. In fact, they do not appear to question the propriety, if the Company's allegations be true, of its third party procedure against them. They resist the demand against them not because of the procedural impropriety of its presentation but upon its merits.

The plaintiff would prefer to litigate its claim against the Company without the complicating presence of the Dorans. That might be the immediately easier course. But insistence upon it by the court would neglect a very real right of the Company, as well as the objective of Rule 14(a) for the expedition of litigation in its eventual results.

The authorities seem clearly to support the view just expressed. Lees, Inc., v. Transcontinental Underwriters, D.C.Md., 9 F.R.D. 470, appears to be clearly in point and well reasoned. See especially its discussion and citation of former rulings. See

also Nora v. Pittston Stevedoring Corp., D.C.N.Y., 90 F.Supp. 35.

■ Diversity of citizenship presents no obstacle on this occasion. Such diversity admittedly exists as between the Company and the Dorans. It need not exist as between the plaintiff and the Dorans in a situation in which the third party defendant is called upon to answer the claim against him of an original non-resident defendant where jurisdiction has attached. Smith v. Philadelphia Transportation Co., 3 Cir., 173 F.2d 721, certiorari denied 338 U.S. 819, 70 S.Ct. 63, 94 L.Ed. 497; Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841; Shannon v. Massachusetts Bonding & Insurance Co., D.C.La., 62 F.Supp. 532; Yap v. Ferguson, D.C.N.Y., 8 F.R.D. 166; Johnson v. G. J. Sherrard Co., D.C.Mass., 2 F.R.D. 164; Dworkin v. Spector Motor Service, D.C.Conn., 3 F.R.D. 340.

The third party procedure which has been had thus far in the case will not be eliminated and the earlier ex parte order will not be vacated.

Nor will the pleadings filed in furtherance of the third party procedure be stricken. It may be true that the answers of the third party defendants go somewhat beyond the contemplation of Rule 14(a), but no harm need be anticipated from their enlargement.

That motion is, therefore, being denied in its entirety.

## II

### Motion for Leave to Intervene Filed by Gail Doran

■ This motion tendered under Rule 24 has not actually been fully argued to the court either orally or through briefs. Such attention to it as was given was offered summarily in connection with the submission of the motion just discussed. However, the court has considered the motion in the light of the rule.

Stated very briefly, the court's conclusion is that, in the circumstances of this case, Gail Doran has not shown himself to be within the definition of one entitled to intervene of right under either of the three numbered subdivisions of Rule 24(a); and that he has shown no reason why—the third party procedure aside—he should be allowed permissively to intervene within the thought of Rule 24(b). Once brought into the case as a third party defendant, he—as also Theresa Doran—may proceed within the limitations of Rule 14(a). But the court is persuaded that as an independent applicant for leave to intervene he has disclosed no sufficient reason for the allowance of his request.

That motion is, therefore, being denied and overruled, but with the reservation to all parties, including Gail Doran, of their rights to proceed within the provisions of Rule 14(a).