**MILLSAP et al. v. LOTZ (MISSOURI HY-DRO GAS CO., Inc., third-party defendant).**

**No. 989.**

United States District Court,
W. D. Missouri, S. D.
March 22, 1951.

See also, D. C., 10 F.R.D. 612.

Mann, Mann, Walter & Powell, Springfield, Mo., for plaintiff.

Harold J. Fisher, Springfield, Mo., for defendant and third-party plaintiff.

A. P. Stone, Jr., Kenneth H. Reid, Springfield, Mo., for third-party defendant.

REEVES, Chief Judge.

The third-party defendant has filed an elaborate motion, as well as extensive suggestions in support of said motion to dismiss. It is unnecessary to enumerate the several grounds on which counsel for third-party defendant believe the motion should be sustained.

A brief statement of the facts as set forth in the pleadings appears necessary for a correct understanding and proper decision in the case.

The original suit was for damages claimed to have accrued to the plaintiffs from an explosion of a gas heater in a motor court operated by the third-party plaintiff. Pertinent averments of the complaint are as follows: " * * * that there was located in said cabin a gas heater which was caused to explode and to ignite and burn this plaintiff's clothing and body * * *."

The third-party plaintiff's complaint avers, among other things:

"2.

" * * * that within one month prior to the date of September 28, 1948, this defendant requested of the Missouri Hydro Gas Company, Inc., to make an inspection of the heating appliances and all parts pertaining thereto on the premises of this defendant at the Cortez Motor Court, and that following said request the Missouri Hydro Gas Company, Inc., had employees and representatives of its company make said inspection at the Cortez Motor Court, which inspection was to be made before this defendant used the heating appliances in the cabins located on the premises of the Cortez Motor Court. This type of inspection had been made by the Missouri Hydro Gas Company, Inc., for some years prior to 1948, and it was the understanding between W. J. Lotz and the Missouri Hydro Gas Company, Inc., that if there was found any defective condition or improper safety facility on the heating appliances of this defendant that the Missouri Hydro Gas Company, Inc., was to fix, repair or replace said defective condition or improper safety facility * * *

"3.

"This defendant further states that if there was any defective condition or improper safety facility of said heating appliance as alleged in the complaint of the plaintiffs, Ida Millsap and John Millsap, that the Missouri Hydro Gas Company, Inc., was negligent in failing to correct said condition or to notify this defendant of said condition as they were obligated to do under the agreement of the parties and as had been the practice for some years prior to September, 1948, and if there was such negligence as is alleged in the complaint of Ida Millsap and John Millsap that the Missouri Hydro Gas Company, Inc., is or may be liable to this defendant for all or part of the plaintiffs' claim against this defendant."

Permission to file the third-party complaint was granted ex parte pursuant to provisions of Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. This rule covers the subject of Third-Party Practice, and pertinent provisions are: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a sum-

mons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him."* (Emphasis mine.)

■ 1. Judge Holtzoff, in his admirable commentary on Rule 14, Federal Rules of Civil Procedure, published immediately after the promulgation of the Rules, used language applicable here: "The better and prevailing view seems to be that the third-party proceeding is to be regarded as ancillary and, therefore, that a separate ground for Federal jurisdiction is not necessary in order to permit the third-party proceeding to be maintained."

This reference is made for the reason that it is the contention of the third-party defendant that it and the third-party plaintiff are both residents of the State of Missouri, and that by reason thereof this court is without jurisdiction.

The courts have been vexed with the problem of discerning a difference between an ancillary proceeding and an independent suit. Judge Underwood of the District Court of the Southern District of Ohio, in Rutherford v. Pennsylvania Greyhound Lines, 7 F.R.D. 245, loc.cit. 246, 247, voiced the plaint as follows: "A review of the decisions based upon this rule reveals that the courts have had considerable difficulty in determining its proper scope and meaning."

Judge Underwood continued: "There is one class of cases, however, in which the courts have been quite uniform in their opinions; this is the class in which there is some liability from the third-party defendant to the third-party plaintiff, as where there is some liability over or some right to recover back."

In Pucheu v. National Surety Corporation, D.C., 87 F.Supp. 558, loc.cit. 560, the district judge for the W. D. of La. quoted approvingly from Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992, 997, as follows: " 'The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant.' "

2. In discussing the purpose of Rule 14, the District Court for the S. D. of New York, in Morrell v. United Air Lines Transport Corporation, 29 F.Supp. 757, loc. cit. 758, said: "As it appears that the causes of action set forth in these third-party complaints are ancillary to those stated in the original complaints, the objections that the third-party complaints do not set forth independent grounds for the exercise of the jurisdiction of this court, are not well founded. This conclusion is in accord with the spirit and purpose of Rule 14 which seeks to dispose of all *related controversies arising out of one transaction or occurrence in a single suit."* (Emphasis mine.)

Also, in Crum v. Appalachian Electric Power Co., 29 F.Supp. 90, loc.cit. 91, the District Court for the S.D. of W.Va., said: "It is not necessary to further discuss the question of jurisdiction. Suffice it to say that the weight of authority is that an independent basis of jurisdiction is not necessary to support a third party proceeding."

3. Some question is raised by able counsel for the third-party defendant whether a mere claim for an indemnity or contribution could be made in a third-party proceeding. This was answered in Lee's Inc. v. Transcontinental Underwriters, etc., 9 F.R.D. 470, loc.cit. 471, where Judge Chesnut of the Maryland District Court said: "Most of the illustrative cases have involved third-party claims with regard to indemnity or contribution but the application of the rule is not restricted to such particular situations and in my opinion is broad enough to include a claim by subrogation."

Similar commentary was made by Judge Kennedy of the E. D. New York, in Nora v. Pittston Stevedoring Corporation, D.C., 90 F.Supp. 35, loc.cit. 36, as follows:

"Hooper and Grogan are domestic corporations. Skilsaw is an Illinois corpora-

tion. True diversity, therefore, does not exist. The complaint seeks recovery on the theory of an indemnity agreement implied in law. The complaint alleges that Hammill purchased the saw from Hooper who purchased it from Grogan, who previously purchased it from Skilsaw, the manufacturer. .* * *

"Want of diversity may not be fatal if the controversy concerning ultimate liability among defendants turns out to be purely ancillary to the main cause, * * *."

4. In Moncrief v. Pa. R.R. Co., 73 F.Supp. 815, the District Court for the E. D. of Pa., differentiated between a claim of the original plaintiff against the third-party defendant and the claim of a third-party plaintiff against the third-party defendant as follows: "It is true that where an original plaintiff amends his complaint, to state a cause of action against the third-party defendant as well as against the original defendant, the result has been different, most courts holding that there must be diversity between the original plaintiff and third-party defendant to support a judgment for the former."

In this case the third-party plaintiff does not seek a judgment in favor of the plaintiffs but he asks contribution or to be indemnified because of his claimed arrangement with the third-party defendant. And, of course, it is the rule that a contractual arrangement may lay the foundation for tort actions. This is illustrated by malpractice suits and carrier cases. It cannot be doubted but that this is an ancillary proceeding for the reason that ancillary suits have been defined as an action growing out of a prior suit in the same court and dependent upon such prior suit. Clearly, the third-party plaintiff would have no cause of action against the third-party defendant until and except that the plaintiffs establish by proof a right of recovery against him.

It would follow that the motion to strike or dismiss the third-party complaint should be and will be overruled.