Regina Lee FOSTER, an infant, by Glenn W. Foster and Martha T. Foster, her Parents and next friends, and Glenn W. Foster and Martha T. Foster, in their own right

v.

Nellie McCombs BROWN, individually, and Nellie McCombs Brown and James Clarence Hanawalt, executors of the last will of Vesta McCombs Hanawalt, deceased, Defendants and Third-Party Plaintiffs (G. Rexford Brandow, Third-Party Defendant).

Civ. A. No. 10861.

United States District Court
D. Maryland,
Civil Division.

Nov. 25, 1958.

Paul Berman, Baltimore, Md., A. Freeborn Brown, BelAir, Md., for plaintiffs.

John H. Mudd and James D. Peacock (Semmes, Bowen & Semmes) Baltimore, Md., for defendants.

Herbert E. Witz, Baltimore, Md., for third-party defendant.

CHESNUT, District Judge.

The question now before the Court presents a point for decision under federal "third-party practice" authorized by rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which, so far as I know, has not heretofore been determined by the Court of Appeals for this Circuit or by this District Court. The question arises on a motion by a third-party defendant to dismiss a third-party action brought against him.

The plaintiff's complaint presents a claim for damages by a citizen of Utah against a Maryland citizen as owner and landlord of a building in Maryland rented to various tenants, in which the plaintiff was injured by reason of negligently maintained unsafe steps while entering the building to visit one of the tenants for professional advice. On filing an answer denying liability the defendant on motion obtained an ex parte order permitting the filing of a complaint against the third-party defendant who was the tenant of the original defendant, alleging in part that in accordance with the lease to the tenant the latter assumed liability for proper repairs to the build-

ing, the lease not having been filed with the pleadings. The motion of the third-party defendant to dismiss the suit against him is based on the grounds that the defendant's complaint against him does not allege diversity of citizenship and that the subject matter is not "ancillary" to the original complaint of the plaintiff against the defendant. As there is no dispute between the parties as to the absence of diversity of citizenship, the sole point for decision is whether, in the absence of such diversity, the jurisdiction of the court can properly be found in the subject matter which, on the face of the pleadings makes the third-party complaint properly an ancillary proceeding. After extended re-examination of the history of the rule and very many of the illustrative federal cases thereunder I have reached the conclusion that the motion to dismiss the third-party complaint should be *overruled* because it is ancillary to the original complaint.

There have been many cases in this court illustrating third-party practice. In the majority of them, the jurisdiction of the court has been unquestioned or at least has been entirely clear by reason of diversity of citizenship between the original defendant and the third-party defendant; but, as noted, in the instant case there is no such diversity; and therefore the inquiry must be as to the reasonable and proper extent of ancillary federal jurisdiction under rule 14(a). The proper extent of this has, I think, not been heretofore specifically considered in any of the numerous cases in this court, and only infrequently, I find, in other federal cases.

The new Federal Rules of Civil Procedure became effective on September 17, 1938. Rule 14(a) as then expressed permitted the filing of a third-party complaint by the defendant against a third person "who is or may be liable to *him* or to the plaintiff". (Italics supplied)

This phraseology of the rule with respect to possible liability to the *plaintiff* caused much difficulty in application where the third-party complaint in effect alleged liability of the third-party defendant to the plaintiff rather than a liability of the third-party defendant to the original defendant, in the event the plaintiff succeeded in obtaining a judgment against the original defendant. If the plaintiff accepted the suggestions of the defendant to amend the complaint and include the third-party defendant as an original defendant, the plaintiff's cause could not be sustained against the third-party defendant unless there was diversity of citizenship between them, or other federal jurisdiction; and if the plaintiff was not willing to amend his complaint and thus sue the third-party defendant directly, he could not be forced to do so and the third-party complaint would be futile. For illustration see Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, opinion by Chief Judge Parker, and Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, opinion by Circuit Judge Clark who had been the Reporter to the Advisory Committee of the Supreme Court for the Rules; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910. As a result of these and numerous other somewhat similar cases, the Advisory Committee proposed, and the Supreme Court adopted, an amendment of rule 14(a) which, with some other changes not here relevant, elided the provision with respect to liability *to the plaintiff*. The amendment of the rule was approved by the Supreme Court in 1946 and became effective in 1948. As a result very many federal decisions based on the original wording of the rule are not now applicable as under the amendment the third-party complaint is permissible only where it alleges a liability of the third-party defendant to the original defendant. In the instant case the third-party complaint may possibly be subject to the objection that it undertakes to suggest or tender to the plaintiff the third-

party defendant as the person primarily liable to the plaintiff, but on careful reading I think it sufficiently also presents a claim of liability to the defendant in the event of the plaintiff's recovery against the defendant. As to the former aspect, the third-party complaint would be futile if the plaintiff does not amend his complaint which, in the present case, if done would not destroy the jurisdiction as there would still be diversity between the plaintiff and the third-party defendant, and the proper venue would also exist. The crucial point here arises on the third-party defendant's motion to dismiss against him because the subject matter is not ancillary.

The argument for dismissal of the third party is this. The complaint against him is really a new federal suit to maintain which the defendant must affirmatively show the jurisdiction of the court, and, as in this case there is no diversity of citizenship, the suit cannot be maintained unless it clearly shows that the complaint against the third party is ancillary to the main case. In this respect it is said that the extent of ancillary jurisdiction as understood prior to the adoption of the federal rules of civil procedure applied only in situations where the original jurisdiction of the court having been based on diversity of citizenship, and the court having a fund under its control necessarily allowed persons having an interest in the fund to intervene and share in its distribution although of the same citizenship as the plaintiff; as, for instance, where the original jurisdiction of the court was based on a creditor's bill by a resident of the district against a foreign corporation; or where it was necessary in order to completely dispose of the matter in controversy, supplemental proceedings were required. Rose, Fed.Juris. & Proc. 5th ed. Ch. XIV, "Ancillary Jurisdiction"; Dobie on Fed.Proc. s. 84. Attention is also called to rule 82 Federal Rules of Civil Procedure, which provides that the rules shall neither extend nor diminish the general federal jurisdiction or the venue jurisdiction. I recall that I considered this matter at some length in Tullgren v. Jasper, D.C.1939, 27 F. Supp. 413 where there was no diversity between the defendants and the third party, the Maryland Casualty Company, but where the final decision in dismissing the third party was placed on other grounds. I have concluded that the answer to this argument is to be found in the different concepts of the term "ancillary". Rule 14 does not define the term "ancillary" and in the review of many cases applying the rule and permitting the bringing in of the third party under conditions similar to the instant case there has been very little discussion of the meaning of the term "ancillary", nevertheless I think it quite clear from an historical review of the operation of rule 14 in the last twenty years the term has been given a much broader meaning than cases illustrating it in the field of federal jurisdiction prior to the adoption of the new rules. At the time the new rules became effective in September 1938, there was a largely attended Conference known as the Cleveland Institute on the Rules which was held contemporaneously with the meeting of the American Bar Association in Cleveland that year. In a three-day session held at Western Reserve University there was a very full discussion of the new rules and particularly including rule 14, which was a decided innovation in federal civil actions. An examination of the discussion led by members of the Supreme Court Advisory Committee, will show, I think, very clearly that it was the general understanding of the rule that it permitted third party practice as ancillary in a much wider conception of the term than had been previously understood. See particularly the discussion by Judge Clark at p. 249, et seq., and by Mr. Tolman, pp. 303–4. Similar Institutes were shortly thereafter held

in Washington and New York. Shortly thereafter the rule was affirmatively applied in many cases of which the most numerous class involved automobile accidents where an injured plaintiff sued a defendant and the latter was permitted to implead a third person alleged to have contributed to the injury. As previously noted, difficult situations with respect to jurisdiction arose where the third-party complaint alleged liability to the *plaintiff* rather than to the defendant only, and until the amendment of the rule in 1946. But thereafter when the basis of the third-party complaint alleged only liability in whole or in part to the defendant, there has been little difficulty in applying the rule to situations in which the liability to the defendant is directly connected with or grows out of the occurrence constituting the basis of the plaintiff's claim against the original defendant; and I find on a review of many cases in recent years that in a majority of the cases the third-party complaint has been allowed even where there has been no diversity. Reference also may be made to the form No. 22, Appendix of Forms, 28 U.S.C.A., to be used in connection with Rule 14. The form does not include a jurisdictional requirement showing diversity of citizenship. Some of the more recent cases in which a third-party complaint has been sustained, although there was no diversity between the defendant and the third-party, are Millsap v. Lotz, D.C.W.D.Mo.1951, 11 F.R.D. 161, and Kelly v. Pennsylvania R. Co., D.C.E.D.Pa.1948, 7 F.R.D. 524.

It is this understanding of the wider concept of the term "ancillary" that this court dealt with many of the earlier cases requiring the application of Rule 14. For instance, see Tullgren v. Jasper, D.C.Md.1939, 27 F.Supp. 413; Malkin v. Arundel Corp., D.C.Md.1941, 36 F.Supp. 948; State of Maryland v. Robinson, D.C.Md.1947, 74 F.Supp. 279; Dyke v. Sechrist, D.C.Md.1957, 21 F.R.D. 240 appeal dismissed 4 Cir., 1958, 256 F.2d 881. See also Ford Motor Co. v. Milby, 4 Cir., 1954, 210 F.2d 137, and 3 Moore, Federal Practice, 2d Ed. s. 14.26.

Probably the clearest appellate court decision explaining the scope of the term "ancillary" is in the opinion of Judge Clark in Friend v. Middle Atlantic Transp. Co., 2 Cir., 1946, 153 F.2d 778, at page 780, where it is said: "While there is strong argument for applying the concept of 'ancillary' jurisdiction to the extent reasonably possible in order to secure the procedural advantages of the rule, the authorities which have made the more careful discrimination among the various possible situations have not supported its extension to the present one." In that case the third-party complaint failed because in effect it merely tendered another defendant to the plaintiff as did Baltimore & O. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481. See also article by Willis, Five Years of Federal Third-Party Practice, 29 Va.L.Rev. 981. These two cases illustrate the inherent difficulties with respect to federal jurisdiction applicable before the amendment of the rule effective in 1948 and probably were quite instrumental in causing the amendment.

It is for these reasons that I have concluded that the motion to dismiss the third-party complaint in this case should be and it is hereby *overruled* by the Court this 25th day of November, 1958.